212 So.2d 61 (1968)
Clarence J. TIBADO, Appellant,
v.
Josephine Yarnell BREES, Jane Yarnell Connelly and Mary Ellen Yarnell Edwards, As Executrices of the Estate of Josephine S. Yarnell Tibado, Deceased, Appellees.
No. 67-386.
District Court of Appeal of Florida. Second District.
June 28, 1968.
*62 Robert S. Pittman of Boswell & Boswell, Bartow, for appellant.
Kingswood Sprott, Jr., of Sprott & Stokes, Lakeland, for appellees.
HOBSON, Judge.
This is an appeal from a final decree of the chancellor below which set aside and cancelled two deeds.
The instant suit was commenced by the guardian of the property of Josephine Yarnell Tibado who was the incompetent wife of the appellant-defendant, Clarence J. Tibado. Subsequent to the institution of the suit, Mrs. Tibado passed away and the above-named appellees were substituted as parties-plaintiff in their capacity as executrices of the estate of Josephine Tibado.
The appellant argues two points on appeal, the first point being that there was not sufficient competent evidence before the chancellor to support the final decree setting aside the two deeds.
Having carefully studied the respective briefs of the parties and the record-on-appeal, we are of the opinion that the final decree of the chancellor is abundantly supported with competent substantial evidence which accords with reason and logic and therefore we must affirm.
The second point raised involves a question which has not, as far as we can determine, been specifically ruled upon by the courts of Florida.
The appellant gave his oral deposition prior to the trial, at which time he voluntarily and without objection testified to confidential communications between him and his wife. At the trial of the cause the appellees introduced substantial portions of appellant's deposition including that part which contained the questions and answers relative to the confidential communications between appellant and his wife. The appellant timely objected to that portion of the deposition concerning the confidential communications when offered in evidence at the trial by appellees.
Appellant contends that Rule 1.280(f) and Rule 1.330(c)(1) R.C.P. 30 F.S.A. do not require that he make an objection to such privileged communications at the time of the taking of his deposition.
Rule 1.280(b) provides: "Scope of Examination. Unless otherwise ordered by the court as provided herein, the deponent may be examined regarding any matter, not privileged, which is relevant *63 to the subject matter of the pending action, * * *." [Emphasis ours] Under the above stated rule a person being deposed is not required to divulge any matter which is privileged and has the right to refuse to give such privileged information on deposition.
The privilege existing between husband and wife as to their communications is a personal privilege. It is clear under the law of Florida that a personal privilege may be waived and when Mr. Tibado voluntarily and without objection testified on deposition to the privileged communications they lost their confidential character. Savino v. Luciano, Fla. 1957, 92 So.2d 817.
In Savino, supra, the court in an accountant-client privilege relationship, stated as follows at page 819:
"As in the case of all personal privileges, the accountant-client privilege may be waived by the client. And, as in all confidential and privileged communications, `[t]he justification for the privilege lies not in the fact of communication, but in the interest of the persons concerned that the subject matter should not become public.' Judge Learned Hand speaking in United States v. Krulewitch, 2 Cir., 145 F.2d 76, 79, 156 A.L.R. 337. When a party himself ceases to treat a matter as confidential, it loses its confidential character. Cf. Ludwig v. Montana Bank & Trsut [sic] Co., 1940, 109 Mont. 477, 98 P.2d 377, 388; Wise v. Haynes, Tex.Civ.App. 1937, 103 S.W.2d 477, 481."
It should also be noted that Mr. Tibado's deposition was filed with the clerk of the circuit court and therefore under Rule 1.400 R.C.P. was deemed published as there was no order of the court to the contrary. Having been deemed published the communications between Mr. Tibado and his wife became public and therefore the justification for the privilege ceased. Savino v. Luciano, supra.
It has been stated many times that our rules of civil procedure were modeled after the federal rules and therefore federal cases are ofttimes looked to for assistance in the interpretation of the Florida rules.
In Fraser v. United States (6th Cir.1944), 145 F.2d 139, a husband refused to divulge a communication had between him and his wife at the taking of his deposition. Subsequent thereto the trial court ordered him to answer the question relative to the communication, which he did. In holding that Fraser had waived the privilege the court stated on page 144:
"Moreover, the privilege that attaches to confidential communications between husband and wife may be waived, and the waiver belongs to the communicating spouse, the addressee of the communication not being entitled to object. Wigmore, § 2340. * * * Fraser, * * * claimed the privilege, but when directed to answer, complied without further protest. Had he persisted in his refusal to answer, it would, of course, have been at the hazard of being cited and punished for contempt, but in the event of punishment he would not have been without remedy and might have challenged the action of the court by petition for writ of habeas corpus, or by an appeal from the contempt order. He declined the hazard. May it thus not be said that though first invoking the privilege he ended by waiving it? We think this is a logical conclusion. If it be urged that the vindication of the privilege does not require one to subject himself to punishment for contumacy, nevertheless a similar surrender results when a defendant, subject to a civil or criminal judgment which he believes to be erroneous, fails to appeal."
While we are not in the instant case faced with the trial court ordering Mr. Tibado to divulge the privileged communication, we cite the Fraser case, supra, not as the law of this court but to show the extent to which some courts have required *64 a person invoking a personal privilege to protect the same or suffer the consequence of a waiver. We do not, however, say that if we are faced with a factual situation similar to that of the Fraser case we would or would not follow it.
Mr. Tibado having voluntarily and without any objection whatsoever divulged the privileged communications at the taking of his deposition, waived such privilege and the chancellor was eminently correct in allowing those portions of his deposition into evidence.
For the reasons set forth above the final decree of the chancellor is
Affirmed.
LILES, C.J., and MANN, J., concur.