WALDEN, Judge.
This case involves court reporting methods : an official court reporter (stenographic court reporting) vis-a-vis an electronic tape recorder.
Pre-trial in this criminal prosecution both the State Attorney and the Public Defender petitioned the trial court to require the attendance of an official court reporter at the trial proper, pursuant to F.S. § 29.02 and § 29.07 (1973).
The trial court entered the contested order (contested via common law certiorari). It denied the request and ordered, instead, that the trial proceedings would be recorded by use of an electronic tape recorder. This order was squarely based upon the requirements of a General Order applicable throughout the Nineteenth Judicial Circuit. It may be said that, but for it, the requests of counsel necessarily should have been granted. The General Order had been .earlier entered by the Chief Judge of that circuit on August 22, 1974. We reproduce it:
“IN THE CIRCUIT COURT, NINETEENTH JUDICIAL CIRCUIT IN AND FOR INDIAN RIVER, MARTIN, OKEECHOBEE AND SAINT LUCIE COUNTIES, FLORIDA
“IN RE: THE REPORTING OF ALL CONTESTED PROCEEDINGS, ALL OTHER PROCEEDINGS REQUIRED TO BE REPORTED AND ALL DISCOVERY DEPOSITIONS

GENERAL ORDER
“It appearing to the Court that there are insufficient official court reporters and deputy reporters to report all proceedings required by law to be reported in this Circuit at this time; that the advancement of modern technology makes it possible to record proceedings by electronic means in such a way as to fully safeguard all rights of a party under the State and Federal Constitution, the statutes of this State and the Rules of Civil and Criminal Procedure; and that the Court must not permit the administration of justice to come to a halt due to the unavailability of court reporters,
“Upon the Court’s own motion, it is
“ORDERED AND ADJUDGED:
“1. Unless an official court reporter or his deputy is available and present for reporting or the party or his attorney requesting an unofficial reporter is responsible for paying the unofficial reporter, all. contested proceedings, all other proceedings required to be reported and all discovery depositions shall be recorded by electronic means.
“2. All proceedings shall be held at the respective Court House of the several counties of this Circuit wherein the cause is pending and shall be taken before a deputy clerk designated by the *753 clerk, except that if the parties stipulate in writing, a discovery deposition may be taken electronically as provided in Rule 1.300(c) RCP.
“3. A timely index of each deponent’s testimony shall be made by the deputy clerk or other party before whom the deposition is taken at the time of the taking of the deposition. Such index shall be securely maintained by the clerk with the tape and shall be available for use during the trial. The clerk shall cause the original tape to be indexed in a book kept for that purpose, sealed so that it cannot be opened without noticeably breaking such seal, and safely stored.
“4. The material part of the original tape of any discovery deposition may be caused to be reproduced and amplified in open Court for the purpose of contradicting or impeaching the testimony of the deponent as a witness.
“5. Either party may, upon motion, notice and hearing, secure from the presiding judge an order for a transcription to be made from the tape on file with the clerk. A motion for transcription shall designate with particularity that portion of the proceedings recorded on the tape that is needed for the movant’s purpose. The transcription may be made by any person appointed by the Court other than those persons named in Rule 1.300(d) RCP, unless otherwise stipulated in writing by the parties. It shall be the duty of the attorney for the party desiring the transcription to obtain a competent party to make such transcription. Such person shall certify the transcript as a true and accurate text of the tape, which certification shall be before a notary public or other officer authorized to administer oaths. If any dispute arises as to whether any transcript truly discloses what occurred, the dispute shall be submitted to and settled by the Court and the transcript made to conform accordingly. An order granting a motion to transcribe shall direct the method of payment.
“6. The person appointed to transcribe the tape shall give the clerk a receipt for the tape and upon completion of the transcription, the tape shall immediately be returned to the clerk and forthwith sealed.
“This order shall take effect at 12:01 A.M., September 1, 1974.
“DONE AND ORDERED at Vero Beach, Indian River County, Florida, this 22nd day of August, A.D. 1974.
“/s/ D. C. SMITH
CHIEF JUDGE”
In the appellate presentation, the State and the Public Defender take the identical position that the Order depriving them of the use of a court reporter was harmful error and should be corrected. Their position is broad in that the general law requires the use of an official court reporter, while it does not authorize the substitute use of electronic methods. They say that tape recorders are not an adequate substitute for stenographic court reporting. Finally, it is said that the denial of the services of the traditional stenographic court reporter at trial will damage the parties because it will necessarily follow that inadequate transcripts will result; thus depriving the parties of their appellate rights and requiring retrials. We note, in passing, that there is no adequate basis whereby we can determine at this stage if the tape recorder will be, in fact, a valid substitute for the usual court reporter.
The Amicus Curiae brief filed on behalf of the Circuit Judges of the Nineteenth Judicial Circuit suggests that emergency conditions mandated the issuance of the General Order and that proceduraliy we should not entertain the grievance. The factual background of the General Order is as follows:
FACTUAL BACKGROUND OF ORDER
“Serious problems have been experienced since January, 1973, in the 19th *754 Circuit in obtaining sufficient court reporters and their deputies to do the required criminal and juvenile reporting in the Circuit for the compensation provided by Supreme Court Transition Rule 12 (Exhibit 4) and Sections 29.03 and 29.04, Florida Statutes 1973. In order to relieve the problem the circuit judges of the Circuit, pursuant to Rule 1.035 RCP entered two orders. (Exhibits 5 and 6)
“Under Transition Rule 12, an official court reporter is required to serve a maximum of 60 hours per month for which compensation by the State of Florida is paid at the annual rate of $5400.00. Minimum credit toward this 60 hours of 2% hours is given for first appearance in any court before the lunch recess and a minimum credit of 2x/<¿ hours is given for first appearance after that recess. An hour for hour credit is given for actual time spent in court exceeding five hours a day and is paid for at the rate of $10.00 per hour. Each official court reporter may accumulate credit for the services of any of his officially approved deputies in the same manner as if he had performed the services personally. After the first 60 hours of work in each month, under Transition Rule 12 (Exhibit 4) and order (Exhibit 6) official court reporters and their deputies are paid $25.00 for any appearance in court before lunch and $25.00 for any appearance in court after lunch, plus $10.00 per hour exceeding five hours per day by the State and this is supplemented at the rate of $5.00 per hour for hours actually worked by the County. Stated another way, if a reporter or his deputy works from 9:00 A.M. until 12:00 Noon, his compensation from the state and county is $45.00 and if he works from 1:30 P.M. until 5:00 P.M., his compensation from the state and county is $52.50, or $97.50 for the six and one-half hour day. If a reporter is only in court for 15 minutes in the morning, he receives $26.25; if he is in court for only 1 hour in the afternoon, he receives $30.-00.
“The 19th Judicial Circuit has been unable to obtain sufficient court reporters and deputies at such rate of pay to report all of the criminal and juvenile work required to be reported in the Circuit. The Chief Judge of the Circuit recommended to all of the circuit judges of the Circuit that an order be entered providing for a substantial increase in the supplemental compensation paid each official court reporter and their deputies by the counties, but a majority of the circuit judges of the Circuit did not affirmatively act on such recommendation and enter such order. In view of this, the Circuit was left with only two official court reporters and neither of the two had any deputy reporters and would not hire any. Two reporters without deputies cannot possibly do the required criminal and juvenile reporting for the entire Circuit and therefore the general order (Exhibit 2) providing for electronic reporting in the absence of an official or deputy reporter was entered. This order was entered for the reason that throughout the Circuit there was a large calendar of criminal and juvenile cases awaiting disposition within the requirements of the 180 day Rule as to the criminal cases and 90 or 180 as to the juvenile cases and no reporter to report 1/2 to ¿4 of them. The administration of justice, particularly criminal and juvenile justice in the Circuit had to continue, live court reporters or no live court reporters.
“/s/ D. C. SMITH_
Chief Judge,
Nineteenth Judicial Circuit”
Upon advice and study, it is our feeling that the fundamental question before us is the validity of the General Order and we sought and obtained counsels’ helpful views on that account. We thought, too, that the seriousness of the problem arising out of the threat to the judicial process obtaining in the Nineteenth Judicial Circuit required us to quickly and comprehensively treat the issue.
*755 The Supreme Court of Florida has been constitutionally vested with the power to prescribe rules for the practice and procedure in all courts. Section 2, Article V, Constitution of the State of Florida (1972). Tracking this power, the Supreme Court has adopted the Florida Rules of Civil Procedure and pertinent to our determination are Rule 1.020(b)(3) and 1.-020(e) therein, which latter rule provides:
“(e) Local Rules. Local rules concerning, but not limited to creation of divisions of courts, the division of work among judges, assignment of actions, removal and return of court files, and the scheduling and location of proceedings, and other administrative procedures necessary for the efficient operation of all courts within the circuit, except municipal courts, may be adopted, if consistent with these rules, to become effective after approval by the Supreme court. Requests for the adoption of local rules shall be filed, without cost, with the clerk of the supreme court.” (Emphasis supplied.)
These rules are adopted for use in criminal proceedings as well. Rule 3.025(b), F. R.Cr.P.
And so we ask if the General Order is of the kind and nature as to be within the power and duty of the Chief Judge of the Circuit as provided under Rule 1.020(b)(3), without the necessity of supreme court approval, or is it of a stature and nature to qualify it under Rule 1.020(e), supra, so as to require supreme court approval as a condition to its validity.
From a close scrutiny of Rule 1.020(b), F.R.C.P., where the Chief Judge is empowered to administer unilaterally, we see that it is restricted to limited in house chores, limited as to time and application, in these areas:
1.Assignment of judges to preliminary hearings, trials, etc., and the length of such assignments.
2. Requests to the Chief Justice for the assignment of additional judges to the Circuit.
3. Designation of the administrative judge of the various divisions.
4. Assignment of clerks, bailiffs and other functionaries.
5. Require the attendance of officers of the courts.
6. Regulate the use of courtrooms and examine docket.
7. Regularly examine the status of jail inmates.
8. And, we suppose, to further undertake like administrative duties to secure the speedy and efficient administration of the Court’s business.
The foregoing is in harmony with the stated purpose of the Rule as contained in Rule 1.020(a), F.R.C.P.
We now hark back to Rule 1.020(e), F. R.C.P. Rules enacted thereunder shall “ . . . become effective after approval by the supreme court.” Its elaboration leads us to think that it is aimed at more serious administrative undertakings which, unless first-approved by the supreme court, would, or could, be an encroachment upon the supreme court’s exclusive constitutional rule-making power.
In light of these Florida Rules of Civil Procedure guideline, we look back to the General Order and note:
1. It applies to all proceedings where reporting is required.
2. It applies to all counsel and litigants.
3. Its application is circuit wide — which includes four counties.
4. It applies indefinitely into the future and could thus be deemed a permanent rule.
5. It represents a most substantial change in court and lawyer practice and procedure.
*756 6. So far as we can find, electronic court reporting is not statutorily or otherwise sanctioned for use in criminal and civil trials in the circuit court, and neither are we advised that such change has been undertaken in any other circuit.
7. The General Order conflicts with the mandatory requirements contained in Chapter 29, F.S. (1973). See also F.S. § 27.25(2) (1973) and Rule 1.035, F.R.C.P.
8. Mechanical recording has only been approved for use at the time of plea in criminal proceeding (Rule 3.-170(j), F.R.Cr.Proc.) and for proceedings in the Juvenile Court (Rule 8.130 R.J.P.)
9. The rule of judicial construction, Expressio Unius Est Exclusio Alter-ius, is applicable as concerns No. 8 just above. The fact that the supreme court chose to mention the two specific areas only where mechanical recording might be allowed, implies the exclusion of other different and broader areas. In more words, if the areas are to be extended, it should be accomplished by the supreme court, it having spoken on and limited the subject. Otherwise, the 19th Circuit would be enlarging and amending the Rules of Procedure by use of a power it does not possess.
10. It infringes at least peripherally upon F.A.R. 6.8 and F.A.R. 3.6(b) ; d(2); e, f(l); and j(l).
Because of its comprehensive scope, impact and seriousness, it is our view that the General Order, without question or doubt, is a local rule within contemplation of Rule 1.020(e), F.R.C.P. supra. As such, it can only become effective after approval by the supreme court. That court’s approval having not been sought nor having been given, it necessarily follows that the General Order is void. We so hold.
Thus, without alternative, since the basis for the appealed order is eliminated, we reverse and remand with respectful instructions that counsel’s Requests For Presence of Court Reporter be granted.
By way of addendum, we know in the instant situation that defendants have been lately discharged by the trial court from further prosecution under the charges. The State has appealed. Thus, it is our hope that sufficient time will be available for an amelioration or a solution to the serious court reporter problem facing the 19th Circuit, if because of future events the defendants should be brought to trial.
Further, we offer that we, as well as Bench and Bar in the 19th Circuit, are profoundly interested in seeing that the judicial process in that circuit proceed smoothly and without interruption as contemplated by the laws of this State. Chief Judge D. C. Smith and his colleagues are to be complimented upon their forthright and thoughful effort to provide a method for obtaining trial reporting under the emergency conditions. However, we do not express an opinion as to the possible intrinsic merits and demerits of the General Order as we deem that to be now within the province of the supreme court.
It is our overall view, admittedly dictum, that the solution is to be found in the supreme court. Without presumption, we would suppose that it may in its discretion entertain an emergency application for approval of the General Order or, alternatively, furnish some other answer to the dilemma under its rule making authority.
Certiorari granted and order in question quashed and remanded for proceedings consistent herewith.
Certiorari granted; order quashed with directions.
MAGER and DOWNEY, JJ., concur.