335 So.2d 638 (1976)
STATE of Florida, Appellant,
v.
Rocky Ray DARNELL et al., Appellees.
No. 75-1324.
District Court of Appeal of Florida, Fourth District.
July 23, 1976.
*639 Robert L. Shevin, Atty. Gen., Tallahassee, and Basil S. Diamond, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Craig S. Barnard, Asst. Public Defender, West Palm Beach, for appellees.
WALDEN, Judge.
This appeal concerns the validity of an administrative order of the 18th Judicial Circuit (not approved by the Supreme Court of Florida) which circumscribes the power of the State to re-file an Information subsequent to a nolle prosequi.
What happened can be gained from the appealed order of dismissal:
"1. That on March 11, 1975, Information # 75-195-CFA, B, C, was filed against these Defendants charging them with the offense of Conveying Tools Into Jail, a Violation of Florida Statute 843.11, and the offense of Contraband in County Detention Facility, a Violation of Florida Statute 951.22. On March 17, 1975, the Defendants were arraigned and trial set for May 5, 1975.
"2. That on May 9, 1975, the State Nolle Prosequied the foregoing information.
"3. That on May 9, 1975, Information # 75.-262-CFA, B, C, which is the subject of this motion, was filed charging a new charge of Attempted Escape under Florida Statute 944.40, and in Count 2, charged verbatim the same offense of Contraband in County Detention, that was Count 2 of Information # 75-195-CFA, B, and C.
"4. That the State did not obtain leave of court to amend Information # 75-195-CFA, B, C.
"5. That the action of the State clearly violated the Administrative Order of the Eighteenth Judicial Circuit, Sections VIII (O) and (P).
"IT IS THEREUPON ORDERED AND ADJUDGED that the motion to dismiss be, and the same is hereby denied as to Count 1 of this Information and as *640 to Count 2, be, and the same is hereby granted."
The State appeals the dismissal of Count 2. We reverse.
Sections O and P, Section VIII of the Administrative Order provide:
"VIII.
* * * * * *
"O. NOLLE PROSEQUI:
"At any time after an information or indictment has been filed and before a trial jury has been sworn to try the cause, or a guilty plea has been accepted by the court, the state attorney, or his assistant, may without leave of court and with or without giving reason, indicate he is unwilling to prosecute the case further either as to some counts, some of the persons accused, or altogether, by announcement on record in open court or by the filing of a formal nolle prosequi with the trial court; whereupon, the trial court may, with or without notice, dismiss the indicated counts, persons or case, and enter the appropriate order releasing accused from custody, cancelling undefaulted bail bonds, releasing recognizance obligations and witnesses. Nolle prosequi will be used only to indicate a good faith decision to discontinue prosecution without intent to refile charges on the same facts and when used to override the authority of the court or circumvent immediate trial adversities (when denied a continuance, to avoid discovery obligations, to avoid motion and hearing to amend, or to deny the accused a speedy trial), a nolle prosequi may bar another prosecution. (footnote citations omitted.)
"P. DOUBLE FILINGS:
"When an information has been filed and capias issued, it may be amended pursuant to RCrP Rule 3.140(j), but a second information will not be filed against the same accused on the same offense or any related offense (as defined in RCrP Rule 3.151(a), without leave of court after motion, notice and hearing. This rule is to avoid procedural double jeopardy and resulting adverse effect upon the uniform case reporting system (Florida Transition Rule 5), the automatic bail bond schedule (VII.B. herein), the court trial dockets (VII.C.5 herein), the court tickler system (VII.C.16 herein) and to require the state to follow RCrP Rule 3.140(j)." (Emphasis supplied.)
It is to be noted that Count 2 was not dismissed because it constituted double jeopardy or because it did any of the other things which Section P of the Rule in question recites as the basis for the enactment of the Rule. Rather it was dismissed solely because of the failure of the State to first obtain leave of the trial court to re-file the Count.
There is no doubt but that the State may nolle prosequi an information within its discretion (without obtaining the approval of the Court) at any time prior to the swearing in of the jury, State v. Sokol, 208 So.2d 156 (3rd DCA Fla. 1968). Further, there is no requirement in the law of this state that the trial court's permission must be first obtained as a condition for the state to re-file such information, State v. Wells, 277 So.2d 543 (3rd DCA Fla. 1973). Such re-filing would not, of course, prevent an attack upon it based on traditional substantive or procedural grounds such as, for instance, double jeopardy.
This court had occasion to consider whether a certain general order of a Circuit Court was of a kind and magnitude so as to require prior approval of the Supreme Court. See State v. Garrett, 310 So.2d 751 (4th DCA Fla. 1975) (which question, certified by this Court, was later declared moot in 316 So.2d 262, because, in the meantime the Supreme Court adopted a general statewide rule which encompassed the local rule.)
It is our opinion that the Sections O and P, Section VIII of the Administrative Order of the 18th Circuit are inoperative and ineffective for the approval by the Supreme Court required in F.R.C.P. 1.020(b)(3) has not been obtained. We do this upon the principles announced in State v. Garrett, supra.
*641 We observe that this rule may or may not be a good one in its operation  and it is not within our province to make this determination. It is our holding that the Supreme Court should be allowed to pass upon its correctness and desirability and to either disallow its usage; make it the subject of a statewide rule (as was done in State v. Garrett, supra) or sanction a different and unique prosecutorial procedure solely for use in the 18th Circuit.
An attack was not made upon the Rule in the trial court. However, we exercise our discretion to treat it as a matter of fundamental error. F.A.R. 3.7(i) and 6.16(a).
The appealed order dismissing Count 2 of Information # 75-262 CFA, B, C, simply because the State failed to seek the Court's permission to re-file as required by the mentioned sections of the Administrative Order, is
REVERSED.
DOWNEY, J., and MELVIN, WOODROW M., Associate Judge, concur.