357 So.2d 736 (1978)
The TIMES PUBLISHING COMPANY, etc., et al., Petitioners,
v.
Honorable Vincent HALL, Circuit Judge of the Twelfth Judicial Circuit in and for Sarasota County, Florida, Respondent.
No. 78-376.
District Court of Appeal of Florida, Second District.
March 10, 1978.
George K. Rahdert, of Shackleford, Farrior, Stallings & Evans, Tampa, for petitioners the Times Pub. Co., d/b/a St. Petersburg Times, and the Bradenton Herald.
W.S. Rodgers, Jr. and Ted R. Manry, III, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for petitioner WFLA, Inc.
Robert L. Shevin, Atty. Gen., Tallahassee, Charles Corces, Jr., and William I. Munsey, Jr., Assts. Attys. Gen., Tampa; James A. Gardner, State's Atty., and Durand J. Adams, Asst. State's Atty., Sarasota, for respondent.

ORDER
The events leading up to the entry of this order are set forth below:
A. On March 8, 1978, the Times Publishing Co. and the Bradenton Herald filed in this court a petition to review orders of March 2, 1978 and March 3, 1978, which had the effect of excluding the press from the trial of the above styled case under certain circumstances and a motion to stay the trial now scheduled for March 13, 1978.
B. Pursuant to the provisions of Fla.R. App.P. 9.100(d) this court scheduled a hearing on this petition at 11:00 a.m. on March 10, 1978, giving notice thereof to the petitioners, the attorney general, the state attorney for the Twelfth Judicial Circuit, counsel for the defendant and the trial judge.
C. Prior to hearing, this court was advised that on March 9, 1978, the court below had issued an order which had the effect of obviating the complaints set forth in the petition.
D. On March 9, 1978, the petitioners filed a supplementary petition stating that they had just received a copy of the trial court's order of March 2, 1978, and they are now complaining of a portion thereof previously unknown to them which has not been rescinded, to wit: paragraph 10 which reads:
10. No extra judicial statement shall be made by any witness, court official, police officers, or counsel for either side. This order is effective March 13, 1978.
E. On March 9, 1978, The Tribune Company and WFLA, Inc. filed a motion for joinder in the petition for review or in the alternative to appear as amicus curiae.
F. Counsel for petitioners and those seeking joinder, an assistant state attorney of the Twelfth Judicial Circuit and an assistant attorney general appeared before this court at the scheduled hearing on this date.
G. In addition to joining in arguments of the other petitioners, WFLA, Inc. has *737 attacked a portion of the order entered on March 9, 1978, wherein the trial judge has reserved the right to enter a subsequent order prohibiting still and television cameras from the courtroom during the sixteen year-old victim's testimony at the trial.
H. The assistant state attorney and the assistant attorney general have represented that a stay of this case would cause manifest inconvenience and substantial expense, particularly since arrangements have already been made for expert witnesses from out-of-state to appear at the trial.
NOW, THEREFORE, IT IS ORDERED as follows:
1. In view of the fact that the complaints set forth in the original petition have been rendered moot by the subsequent order of March 9, 1978, the court will not further pass upon these matters.
2. Because of the exigent need for this criminal trial to proceed as scheduled, the motion for stay is hereby denied.
3. There having been no objection to the motions for joinder and it appearing that the movants have standing because of their interest in these proceedings, The Tribune Company and WFLA, Inc. are hereby permitted to appear as parties hereto.
4. Since the order of March 2, 1978, was entered without notice and hearing, the trial judge is hereby directed to conduct a hearing prior to the commencement of the criminal trial at which all interested parties may present argument concerning the needs and propriety of the restraints prescribed in paragraph 10. See State ex rel. Miami Herald Publishing Co. v. McIntosh, 340 So.2d 904 (Fla. 1976); Chicago Council of Lawyers v. Bauer, 522 F.2d 242 (7th Cir.1975); and CBS, Inc. v. Young, 522 F.2d 234 (6th Cir.1975).
5. Should the trial judge continue to believe that these restraints or some form of restraints are needed during the trial, he shall enter another order to this effect in which he should state the reasons for the necessity of such restraints.
6. With respect to the petition of WFLA, Inc., the trial judge is requested that in the event he intends to consider the prohibition of still and television cameras during the victim's testimony, he first hold a hearing on the same with notice to appropriate segments of the press and electronic media and that such hearing be held reasonably in advance of the time at which it is estimated that the victim will testify.