**STATE v. BUNDY.**

No. 78-670.

Circuit Court, Leon County.

April 25, 1979.

</div>

Larry Simpson, Assistant State Attorney, for the state.

Michael J. Minerva, Public Defender, for the defendant.

Harold B. Wahl of Wahl & Gabel, Jacksonville, for the Florida Publishing Co.

Dan Paul of Paul & Thomson, Miami, for the Miami Herald.

DuBose Ausley and Michael Pierce Dodson of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for the Tallahassee Democrat.

EDWARD D. COWART, Circuit Judge.

This cause came on to be heard on motions filed in belhaf of the defendant for protective order to close the taking of depositions; to seal the transcripts of the testimony of witnesses, including exhibits; and a motion to file certain motions under seal and for in-camera hearings on said motions; and further, to prohibit the photographing of defendant in restraints. This court, after having heard arguments of counsel and considered memoranda filed in support of those motions, and further having heard the arguments and considered the memoranda of media representatives, and being otherwise fully advised in the premises, makes the following findings on the motions.

The defendant seeks in-camera proceedings on hearings and certain motions that are to be filed in the future, to close depositions to the media and seal the same after their completion. This court need not rule on the sealing of depositions, as the established prevailing procedures in the second judicial circuit has been established by Administrative Order 79-17, entered by the Honorable Ben C. Willis, Chief Judge of the Second Judicial Circuit of Florida, which order provided inter alia, that depositions will be filed pursuant to applicable rules of procedure established by the Supreme Court of Florida. This court, therefore, considers the administrative order controlling in the case at bar in the absence of any specific controversy on deposition filings.

With respect to the motion to conduct in-camera hearings and the taking of depositions, this court is of the opinion that closure orders may be entered only to prevent clear and present danger of the defendant's right to a fair trial.

The applicable law has been stated by the Florida Supreme Court in State v. McIntosh, 347 So.2d 904 (Fla. 1977), in which the court stated at page 908 —

"While a court is legitimately concerned with preventing prejudicial publicity from poisoning the impartial atmosphere essential to a fair trial, the court's action in restricting the media must relate to the danger sought to be avoided and

it must not be unconstitutionally overboard. For instance, in *CBS, Inc. v. Young* 522 Fed. 2d 234 (6th Cir. 1975), the court held that activity restrained must pose a clear and present danger or a serious or an imminent threat to a protected competing interest and that such a restraint cannot be upheld if reasonable alternatives are availble. In *U. S. v. Dickinson*, 465 Fed.2d 496 (5th Cir. 1972), the court observed that before First Amendment freedoms can be abridged, a substantive evil must be extremely serious and the degree of imminence extremely high. The standard to be met is that the expression by the press must constitute an immediate, not merely likely threat to the administration of justice. The danger must not be remote or even probable. It must immediately imperil." (Footnotes omitted)

In summary, it is the court's conclusion that the motions made by the defendant in order to meet constitutional requirements must show —

1. That prejudicial publicity will create a clear and present danger to the defendant's Sixth Amendment right to a fair trial;

2. That there is no available trial management alternative which will avoid jury prejudice by a means less chilling of First Amendment interests; and

3. That the closure will be effective in achieving trial fairness.

The evidence supportive of the above criteria must be clear and cogent for the imposition of the restraints. See *Nebraska Press Association v. Stewart*, 427 U.S. 539 (1976), and *Shepard v. Maxwell*, 384 U.S. 333 (1966) .

In applying the above enumerated standards to the case at bar, the defendant has not met the burden. Unquestionably, the defendant verily believes that pre-trial publicity has prejudiced him, however, this suggestive belief does not meet the requirements enunciated above. The court further is not convinced that an effective alternative to a closure order does not exist.

In addition to the above, with the significant pre-trial coverage of this case including information contained in the court file, this court is not convinced that a closure order will be effective in significantly reducing pre-trial publicity.

It is therefore ordered and adjudged that the motions of the defendant be and the same are hereby denied, based upon the record that is bfore the court.