370 So.2d 867 (1979)
The TALLAHASSEE DEMOCRAT, INC. and Florida Publishing Company, Publisher of the Florida Times-Union at Jacksonville, Florida, Petitioners,
v.
The Honorable Ben C. WILLIS, Circuit Judge for the Second Judicial Circuit of Florida, in and for Leon County, Florida, Respondent.
No. NN-314.
District Court of Appeal of Florida, First District.
May 17, 1979.
*868 C. Gary Williams, DuBose Ausley, Michael Pearce Dodson, of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee and Harold B. Wahl, of Wahl & Gabel, Jacksonville, Dan P.S. Paul, of Paul & Thomson, Miami, for petitioners.
Jim Smith, Atty. Gen. and George R. Georgieff, Asst. Atty. Gen., for respondent.
LARRY G. SMITH, Judge.
We have before us for review Administrative Order 79-17 entered by the Honorable Ben C. Willis, Chief Judge, Second Judicial Circuit. Jurisdiction is vested in this court by Rule 9.100(d), Fla.R.App.P.[1]
The order, entitled, "In Re: Sealing of Deposition Transcriptions in Civil and Criminal Cases", reads as follows (omitting formal parts):
"It has come to the attention of this office that when depositions have been transcribed in criminal and civil cases the transcription is historically and routinely filed in the official court file where they are subject to review and copy by anyone. This procedure can affect the right to a fair trial by either party if the transcriptions are allowed to be open for public inspection prior to the conclusion of the proceeding.
"In the Florida Rules of Court, 1979, Rule 1.310, Rules of Civil Procedure, Depositions Upon Oral Examination, provides in subsection (f)(1) as follows:
`If transcribed, the officer shall certify on the deposition that the witness was duly sworn by him and that the deposition is a true record of the testimony given by the witness. He shall then securely seal the deposition in an envelope endorsed with the title of the action and marked "Deposition of (here insert name of witness)" and shall *869 promptly file it with the court in which the action is pending or send it by registered or certified mail to the clerk for filing.'
"Subsection (f)(2) provides as follows:
`Upon payment of reasonable charges therefor the officer shall furnish a copy of the deposition to any party or to the deponent.'
"In the Rules of Criminal Procedures, Rule 3.220(d), Discovery Depositions, states in part:
`... Except as provided herein, the procedure for taking such depositions, including the scope of the examination, shall be the same as that provided in the Florida Rules of Civil Procedure.'
"Rule 3.190(j)(5), Rules of Criminal Procedure, states:
`Except as otherwise provided, the rules governing the taking and filing of oral depositions, the objections thereto, the issuing, execution and return of the commission and the opening of the depositions in civil actions shall apply in criminal cases.'
"In compliance with the Florida Rules of Court as heretofore mentioned, it is therefore
"ORDERED AND ADJUDGED that duly certified transcripts of all depositions shall, in accordance with the above rules, be securely sealed in an envelope endorsed with the title of the action and marked `Deposition of (here insert the name of witness)' and shall promptly file it with the court in which the action is pending or send it by registered or certified mail to the clerk for filing. Such depositions then become subject to unsealing only by direction of the court in which the action is pending.
"This Order shall take effect immediately.
"DONE AND ORDERED in Chambers at Tallahassee, Florida, this 16th day of March, 1979.
 "_____________________
 BEN C. WILLIS,
 CHIEF JUDGE"
It is clear that the Chief Judge interpreted the language of Rule 1.310(f)(1)  that the officer taking the deposition shall "securely seal" the deposition prior to the filing with the clerk  as if the rule required the deposition to remain sealed after filing. We might be inclined to agree except for other provisions of the rules relating to depositions which we feel must be considered in pari materia in order to determine the intent and purposes of the quoted provision.
Petitioners contend, and we agree, that this particular language governs the transmittal of and not access to depositions. They refer us to Rule 30, Fed.R.Civ.P., which contains operative language virtually identical with the Florida rule under discussion. The Federal rules provides:
"(1) The officer shall certify on the deposition that the witness was duly sworn by him and that the deposition is a true record of the testimony given by the witness. He shall then securely seal the deposition in an envelope endorsed with the title of the action and marked `Deposition of [here insert name of witness]' and shall promptly file it with the court in which the action is pending or send it by registered or certified mail to the clerk thereof for filing." (Rule 30, Fed.R. Civ.P.)
Wright and Miller, in their work "Federal Rules of Civil Procedure", Volume 8, Section 2119, state in relation to this rule (page 438):
"... Upon filing the deposition should be immediately opened by the clerk, and made available for public inspection, unless the court has made a protective order that the deposition remain sealed."
In Section 2042 of the same work (Volume 8, Federal Practice and Procedure) we find the further statement (page 298):
"... Ordinarily a deposition is a public document freely open to inspection after it is filed with the clerk... ."
Since the Florida rules were modeled in large part after the Federal rules, interpretations of comparable Federal rules have often been adopted by the courts of Florida.
*870 We turn next to Rule 1.400, Fla.R.C.P., "Depositions Deemed Published When Filed" which provides:
"Upon the filing of any deposition or affidavit taken under any rule or statute it shall be deemed published, unless otherwise ordered by the court, and may be opened and examined by any party in the presence of the clerk. The clerk may unseal the deposition and file it with other papers in the court file."
Administrative Order 79-17 directly conflicts with Rule 1.400, because it requires the deposition to remain sealed, subject to direction of the court, whereas, the rule promulgated by the Florida Supreme Court allows the clerk to unseal the deposition and file it with other papers in the court file. We also find the language of the rule explicit in its direction that the deposition "shall be deemed published, unless otherwise ordered by the court" (emphasis supplied). We think this portion of the rule makes it clear that access is prohibited only if ordered by the court. We note that the District Court of Appeal, Second District of Florida, has placed this interpretation upon the rule in Tibado v. Brees, 212 So.2d 61 (Fla. 2nd DCA 1968). In that case the question arose whether Mr. Tibado had waived his claim of privileged communication between husband and wife by giving his deposition. In answering this question the court stated:
"It should also be noted that Mr. Tibado's deposition was filed with the clerk of the circuit court and therefore under Rule 1.400 R.C.P. was deemed published as there was no order of the court to the contrary. Having been deemed published the communications between Mr. Tibado and his wife became public and therefore the justification for the privilege ceased... ." (212 So.2d at page 63)
Our conclusion that a deposition is open for inspection by the public and the press when filed is strengthened by the provision of the rules governing protective orders. Rule 1.280(c) "Protective Orders", provides in part:
"Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires, including one or more of the following: ... (6) that a deposition after being sealed be opened only by order of the court; ..." (Rule 1.280(c) Fla.R.C.P.)
If, as respondent contends, the rules require a deposition to be sealed unless ordered opened by the court, Rule 1.280(c) would be something of an anomaly in that it would require a person seeking protection under the rule to file a motion and show good cause in order to receive a court order requiring that to be done which respondent contends the rule requires to be done in the first instance.
Discovery depositions are also provided for by the Rules of Criminal Procedure. Under Rule 3.220(d), Fla.R.Cr.P., the "procedure" for taking depositions, and the "scope of examination" shall be the same as that provided in the Florida Rules of Civil Procedure. We conclude that protective orders may be entered by the court under Rule 1.280(c) in criminal as well as civil cases. Additional provision for protective orders in criminal cases is provided by Rule 3.220(h), allowing restriction or deferment of disclosures. Under Rule 3.220(i) in camera proceedings may be held by the court for the purpose of permitting any person to show cause for denial or regulation of disclosures. In such event, a record shall be made of the proceeding, and the entire record of such showing shall be sealed and preserved in the records of the court, to be made available to the appellate court in the event of an appeal.
In sum, we conclude that the rules of procedure contemplate that upon filing, unless otherwise ordered by the court, a deposition becomes a part of the "court file" (Rule 1.400 Fla.R.C.P.). According to this view, in the absence of a court order sealing the deposition, or some provision of *871 law requiring the same to remain confidential, the press may not be excluded from reading, copying and reporting the contents of a deposition. The protection of litigants' right to a fair trial as well as protection of other recognized rights may be sought and accomplished under the rules,[2] but we determine that the rules require this to be done on a case-by-case basis, rather than by blanket administrative order as was attempted here.[3]
Petitioners have grounded their claims to access to depositions upon their First Amendment rights under the United States Constitution, citing among other authorities State ex rel. Miami Herald Pub. Co. v. McIntosh, 340 So.2d 904 (Fla. 1977); Miami Herald Pub. Co. v. State, 363 So.2d 603 (Fla. 4th DCA 1978); Times Publishing Co. v. Hall, 357 So.2d 736 (Fla. 2nd DCA 1978); News-Press Pub. Co., Inc. v. State, 345 So.2d 865 (Fla. 2nd DCA 1977); The Miami Herald Publishing Company v. Collazo, 329 So.2d 333 (Fla. 3rd DCA 1976). The McIntosh case involved a true "prior restraint" order barring publication of information obtained by the press in a judicial proceeding. Miami Herald Pub. Co. v. State involved exclusion of the media from a sentencing hearing, and Times Publishing Co. v. Hall, exclusion from a criminal trial. Collazo dealt with an order sealing a settlement agreement made between the parties during a hearing before the court. Only the News-Press Pub. Co. case concerns the sealing of depositions, but even there in a context entirely different from that contemplated by the protective order provisions of Rule 1.280(c). In the News-Press case, the court's order at some point in time (not stated in opinion) ordered sealing of depositions apparently already taken and filed in a criminal case. Thereafter, the defendant entered a plea of guilty, and on or about the sentencing date, application was made by the press for an order allowing inspection of the depositions. In reversing the trial court's refusal to unseal the depositions, the District Court stated:
"At the outset, we note that this is not a case of prior restraint since the court has not sought to prohibit the press from publishing any information it may have obtained... ." (345 So.2d page 866)
Therefore, the district court merely remanded to the trial court for further consideration and entry of an order specifically setting forth the reasons for public access being denied.
These cases appropriately emphasize the function of the First Amendment in requiring the exercise of great caution in the closing of court files or records, but we find no basis for argument that First Amendment rights entitle petitioners to require the opening of court records properly sealed by the trial judge. If such is the basis for petitioners' continued objection to any order sealing depositions, then we might suggest the appropriate forum for change would be the Supreme Court of Florida which has exclusive authority over the rules of procedure governing depositions.
Petitioners argue with great insistence the applicability of the notice and hearing procedures set forth in State ex rel. Miami Herald Publishing Co. v. McIntosh, supra. However, we perceive a distinction between press rights of access to court hearings or *872 trials, and access to portions of the court file or records which may or may not be subject to public and press inspection, i.e. specifically, depositions.[4] Also, we feel that we are not here dealing with a case of "prior restraint" upon the press which would without any question compel compliance with the requirements of McIntosh.
Counsel for petitioners have furnished us no authority that would preclude a trial court from exercising the power to seal a deposition under Rule 1.280(c), nor, for that matter, in a proper case order that the deposition be taken with no one present except persons designated by the court, as well as to enter any other protective order permitted by the rules. We are aware of no authority that would give the press rights of access to sealed depositions superior to those enjoyed by the members of the public generally. Cf. Garrett v. Estelle, 556 F.2d 1274 (5th Cir.1977), cert. den. 438 U.S. 914, 98 S.Ct. 3142, 57 L.Ed.2d 1159 (1978).
While we find ample authority as the reviewing court under Rule 9.100(d), Fla.R. App.P., to determine validity of the administrative order in question, we note that such reviewing authority has been exercised by a District Court of Appeal entirely apart from any such special rule as we have governing this particular matter. In State v. Darnell, 335 So.2d 638 (Fla. 4th DCA 1976) the court invalidated an administrative order of the Eighteenth Judicial Circuit which circumscribed the power of the State to refile an information subsequent to entry of a nolle prosequi; and the same court in State v. Garrett, 310 So.2d 751 (Fla. 4th DCA 1975) quashed a general order of the Chief Judge of the Nineteenth Circuit which authorized electronic court reporting because it was deemed a local rule requiring prior approval of the Supreme Court.
We consider that the problems with which the trial judges of this state are confronted, which undoubtedly provoked the order of Chief Judge Willis in the instant case, are of such magnitude and importance, both to those whose responsibility it is to fairly administer justice in the courts, as well as those whose responsibility it is to inform the public on the conduct of judicial proceedings, that we consider it to be a matter of great public interest, and therefore certify to the Supreme Court of Florida, under Article V, Section 3(b)(3), the following question:
Is an order of the Chief Judge of a Circuit providing that all transcripts of depositions in civil and criminal cases in the circuit shall be securely sealed and filed with the court in which the action is pending, and that such depositions may not become unsealed and inspected by the public and the press except by order of the court in which the action is pending, a valid exercise of the administrative authority conferred upon the chief judge under the constitution, laws and rules of procedure governing the courts in Florida?
*873 In view of the fact that Administrative Order 79-17 has been in effect since March 16, 1979, during which time parties in individual cases might have failed to appropriately apply for and obtain a protective order as authorized by the rules, we are of the opinion that a brief period of transition would be justified during which time the effective date of our order setting aside the administrative order will be postponed or suspended, so as to allow application by those parties in individual cases for protective orders as they may deem advisable. It is therefore ordered that the effective date of our order setting aside administrative order 79-17 be stayed or suspended until the 31st day of May, 1979.
It is so ordered.
McCORD, C.J., and ROBERT P. SMITH, Jr., J., concur.
NOTES
[1] This rule establishes an entirely new and independent means of review in the district courts, in recognition of the decision in English v. McCrary, 348 So.2d 293 (Fla. 1st DCA 1977). Committee notes to Rule 9.100, Fla.R.App.P.
[2] By emphasizing the procedure spelled out by the rules of procedure we do not suggest the absence of authority on the part of the trial court, on its own motion, to enter such order as may be necessary in the exercise of the court's inherent power to control the conduct of proceedings so as to ensure the administration of justice.
[3] As for the court orders sealing a deposition, we note the treatment of this question by Wright and Miller, Federal Practice and Procedure, Volume 8, Section 2042 (page 299):

"If a court orders a deposition sealed it normally prohibits the parties and attorneys from making any disclosure of the contents of the deposition to any third party. Judge Henry J. Friendly has written for the Second Circuit that
`we entertain no doubt as to the constitutionality of a rule allowing a federal court to forbid the publicizing, in advance of trial, of information obtained by one party from another by use of the court's processes.'"
[4] We agree with respondent's observation (response by letter dated April 16, 1979) that depositions are "tools of discovery and preserving evidence", but we would add further qualifications and observations. A deposition does not become evidence in a case unless and until admitted by ruling of the court at a trial or hearing; that depositions very often contain matters that are not and can never be considered as evidence, since the scope of inquiry on depositions is not limited as in examination of a witness in a judicial proceeding; that persons not even parties to the case are often compelled under process of law to divulge information that is not intended for use as evidence, but merely to elicit or lead to information that might explain other evidence or become admissible as evidence; and the taking of a deposition itself can hardly be categorized as a judicial proceeding" for the simple reason that there is no judge present, and no rulings nor adjudications of any sort are made by any judicial authority. Further, in criminal cases, discovery depositions taken under Rule 3.220(d), Fla.R.Cr.P. may be used only "for the purpose of contradicting or impeaching the testimony of the deponent as a witness"; and deposition testimony may be used as evidence at the trial only if taken to perpetuate testimony under Rule 3.190(j) requiring a court order, notice to defendant, and, if defendant is in custody, his presence at the deposition, and a showing that attendance of the witness cannot be procured at the trial. State v. Basiliere, 353 So.2d 820 (Fla. 1978).