### STATE v. DIAZ.
No. 79-14133.
Circuit Court, Dade County, Criminal Division.
September 21, 1979.

Ken Drucker, Assistant State Attorney, for the state.

Roy E. Black, Miami, for the defendant.

Dan Paul of Paul & Thomson, Miami, for the Miami Herald Publishing Co.

Joseph Averill, Miami, for the Miami News.

Talbot D'Alemberte of Steel, Hector & Davis, Miami, for Television Channel 10.

Alan Rosenthal of Milledge & Hermelee, Miami, for Television Channel 7.

N. JOSEPH DURANT, Jr., Circuit Judge.

This cause came on for hearing upon defendant's motion to close certain pre-trial hearings to the public and for adoption of regulations regarding police disclosures and press conferences. The court having received memoranda of law and having oral argument, finds as follows —

1. It is the settled law of Florida that judicial proceedings are open to the public, and the press and public enjoy the right to attend such proceedings. *In Re Petition of Post-Newsweek Stations, Florida*, 370 So.2d 764, 780-81 (Fla. 1979); *State, ex rel. Miami Herald Publishing Co. v. McIntosh*, 340 So.2d 904, 908 (Fla. 1977). In Florida the movant seeking closure must demonstrate by clear and convincing evidence that —

> (a) closure is necessary to prevent a serious and imminent threat to the fair administration of justice;
>
> (b) no less restrictive alternative measures are available;
>
> (c) closure will in fact achieve the court's purpose.

*Sentinel Star Company v. Booth*, 372 So.2d 100, 102 (Fla. 2d DCA 1979); *Miami Herald Publishing Co. v. State*, 363 So.2d 603, 606 (Fla. 4th DCA 1978); *State of Florida v. Bundy*, 48 Fla. Supp. 204 (Fla. Cir. Ct. Leon County); *State v. Rinehart*, 49 Fla. Supp. 64 (Fla. Cir. Ct. Pinellas County). See also *News-Press Publishing Co. v. Shearer*, No. 79-1085 (Fla. 2d DCA, June 12. 1979); *Times Publishing Company v Hall*, 357 So.2d 736 (Fla. 2d DCA 1978); *News-Press Publishing Co.. Inc. v. State*, 345 So.2d 865 (Fla. 2d DCA 1977); *Miami Herald Publishing Co. v. Collazo*, 329 So.2d 333 (Fla. 3d DCA 1976).

2. The Florida Supreme Court has recently recognized that televised judicial proceedings are an effective means of implementing Florida's commitment to an open judiciary. *In Re Petition of Post-Newsweek Stations, Florida*, supra.

3. Defendant Diaz has failed to present any evidence showing closure is necessary to prevent a serious and imminent threat to the fair administration of justice. that less restrictive alternatives would not adequately protect his fair trial rights, or closure would in fact achieve the end sought here.

4. Moreover, this court has considered the pre-trial publicity to date, the climate and local characteristics of this urban community, and the nature of the offense to be tried here, and concludes neither exclusion of the public or press nor television cameras from the courtroom is necessary or desirable to protect the Sixth Amendment rights of the defendant.

5. While this court finds there has not been pervasive or extraordinary pre-trial publicity in this case, it is worth noting the remarks of the Supreme Court in *Nebraska Press. Assoc. v. Stuart*, 427 U.S. 539, 544 (1976) —

"All our decisions in this area, [t]aken together, . . . demonstrate that pre-trial publicity even pervasive, adverse publicity does not inevitably lead to an unfair trial."

In fact, public judicial proceedings serve primarily to protect the accused from both injustice and prejudicial misinformation. As the Supreme Court also observed in *Nebraska Press Association v. Stuart*, supra at 567 —

"It is reasonable to assume that, without any news accounts being printed or broadcast, rumors would travel swiftly by word of mouth. One can only speculate on the accuracy of such reports, given the generative propensities of rumors; they could well be more damaging than reasonably accurate news accounts. But plainly a whole community cannot be restrained from discussing a subject intimately affecting life within it.

I find under the circumstances presented here, accurate news reports are far more likely to protect the accused than to endanger his rights.

6. Defendant's reliance upon the recent decision of the United States Supreme Court in *Gannett Co., Inc. v. DePasquale*, 2899 S.Ct. (1979), is misplaced. That decision specifically held state courts were free to adopt their own stricter standards for closure. Florida has adopted a strict standard for closure and the movant has not met it.

It is therefore ordered and adjudged that defendant's motion to close certain pre-trial hearings to the public and for adoption of regulations regarding police disclosures and press conferences is denied.