Honorable Charlie Green Clerk of the Circuit Court Lee County
QUESTION:
Are probate records filed with the clerk of the circuit court subject to inspection and copying by the public at reasonable times, under reasonable conditions, and under the supervision of the clerk or his designee?
SUMMARY:
Probate records filed with the clerk of the circuit court are subject to inspection and copying by the public at reasonable times, under reasonable conditions, and under supervision by the clerk or his designee in the absence of a statute or rule of court providing for the confidentiality of the record or rule prescribing the procedure for the release of judicial records, or a court order providing for the closure of a particular record.
Section 28.223(1), F.S., requires the clerk of the circuit court to record
 all wills and codicils admitted to probate, orders revoking the probate of any wills and codicils, letters of administration, orders affecting or describing real property, final orders, and orders of final discharge filed in hisoffice. No other petitions, pleadings, papers, or other orders relating to probate matters shall be recorded except on the written direction of the court. . . .
Such instruments are to be recorded in the Official Records.[1]
Records of a state court which previously exercised probate jurisdiction are to be placed, and to remain, in the custody of the clerk and shall be the records of the circuit court. The circuit court may exercise judicial cognizance and power over them as it may over its own records.[2]
Pursuant to the Public Records Law, Ch. 119, F.S., "[e]very person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee. . . ."[3] As stated by The Supreme Court of Florida in Wait v. Florida Power Light Company:[4]
 [T]his statutory phrase [at reasonable times, under reasonable conditions, and under supervision by the custodian of the records or his designee] refers not to conditions which must be fulfilled before review is permitted but to reasonable regulations that would permit the custodian of the records to protect them from alteration, damage, or destruction and also to ensure that the person reviewing the records is not subjected to physical constraints designed to preclude review.
In considering access to judicial records, The Supreme Court of Florida has generally considered that the "trigger device" regarding public access to court records and documents is the act of filing such material with the clerk of court.[5] Once filed with the clerk, such records, absent a statute or rule of court providing for their confidentiality[6] or a court order closing such records,[7] are open to the public.
Your inquiry concerns probate records which have been filed with the clerk of the court. You have not, however, advised this office as to any specific statutory provision or rule of court which would make such records confidential or which dictates the manner in which judicial records are to be released, nor am I aware of any such provision.
In the absence of such a statute or court rule and absent a court order properly entered closing a particular record, I am of the opinion that probate records filed with the clerk of court are subject to disclosure to the public at reasonable times, under reasonable conditions, and under supervision by the clerk or his designee.
Robert A. Butterworth Attorney General
[1] Section 28.223(2), F.S. And see, s. 28.222(1), F.S., providing that the clerk is the county recorder of all instruments which are required or authorized by law to be recorded in the county in which the clerk serves.
[2] Section 28.223(3), F.S.
[3] Section 119.07(1)(a), F.S. See, s. 119.011(1), F.S., defining "[p]ublic records" for purposes of Ch. 119, F.S.; and Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633
(Fla. 1980).
[4] 372 So.2d 420, 425 (Fla. 1979).
[5] See, Petition of Kilgore, 65 So.2d 30 (Fla. 1953) (advisory opinions issued by the Court to the Governor become part of the public files of the Court when filed with the clerk's office); Palm Beach Newspapers, Inc. v. Burk, 471 So.2d 571 (4 D.C.A.Fla., 1985); Tallahassee Democrat, Inc. v. Willis, 370 So.2d 867 (1 D.C.A.Fla., 1979) (deposition was "published" when the transcript thereof was filed with the clerk and it was thereupon open for public inspection unless the court entered a protective order under Rule 1.280[c], Fla.R.Civ.P.). And see, In re Sturgis,529 So.2d 281, 285 (Fla. 1988), concluding that a judge violated the Code of Judicial Conduct by, among other things, refusing to permit access to probate estate files when "these files constituted a part of the public records of Marion County." Cf., Florida Freedom Newspapers, Inc. v. McCrary, 520 So.2d 32
(Fla. 1988).
[6] See generally, Wait v. Florida Power Light Company, supra (rule of the Supreme Court prescribing procedural standards takes precedence over a contrary provision of the Public Records Law); The Florida Bar, In Re Advisory Opinion Concerning the Applicability of Chapter 119, Florida Statutes, 398 So.2d 446
(Fla. 1981) (files of state bar as the official arm of the Supreme Court are subject to the control and direction of the Court and not to other branches of government and thus Ch. 119, F.S., does not apply to such records).
[7] See, Barron v. Florida Freedom Newspapers, Inc.,531 So.2d 113, 114 (Fla. 1988), setting forth the factors to be used by a court in considering a request for the court to close a record in a civil proceeding.