Mr. Fred W. Baggett General Counsel Florida Association of Court Clerks Post Office Drawer 1838 Tallahassee, Florida 32302
Dear Mr. Baggett:
On behalf of several clerks of the circuit court in this state, you ask substantially the following question:
Does s. 119.07(3)(z), F.S. (1990 Supp.), apply to judicial case files in which the identity of a victim of crime may be published?
In sum, I am of the opinion that:
Section 119.07(3)(z), F.S. (1990 Supp.), does not apply to documents revealing the identity of a victim of crime which are contained in a court file not specifically closed by order of the court.
Section 4, Ch. 90-211, Laws of Florida, added paragraph (aa) to s.119.07(3), F.S. Renumbered as s. 119.07(3)(z), it provides:
Any document which reveals the identity, home or employment telephone number, home or employment address, or personal assets of the victim of a crime and identifies that person as the victim of a crime, which document is received by any agency that regularly receives information from or concerning the victims of crime, is exempt from the provisions of subsection (1). Any state or federal agency which is authorized to have access to such documents by any provision of law shall be granted such access in the furtherance of such agency's statutory duties, notwithstanding the provisions of this section. This exemption is subject to the Open Government Sunset Review Act in accordance with s. 119.14. (e.s.)
This office recently stated that s. 119.07(3)(z), F.S. (1990 Supp.), does not exempt police reports and other records which are generated by, as opposed to received by, the public agency.[1] The documents maintained by the clerks as part of judicial case files are, for the most part, received by the clerk's office as opposed to generated by that office. Such files frequently contain documents which identify the victims of crime. Accordingly, you inquire whether such documents contained in judicial case files maintained by the clerk which identify the victims of crime are exempt from disclosure.
The authority of the judiciary over access to its records flows from the separation of powers doctrine and from the ability of the Supreme Court of Florida to adopt rules for practice and procedures in all courts pursuant to s. 2(a), Art. V, State Const.[2] In considering access to judicial records, the Supreme Court has generally considered that the "trigger device" regard-ing public access to court records and documents is the act of filing such material with the clerk of the court.[3] Once filed with the clerk, such records, absent a statute or rule of court providing for their confidentiality or a court order closing such records, are open to the public.
While s. 119.07(3)(z), F.S. (1990 Supp.), provides for the confidentiality of documents revealing certain information relating to the victims of crime which are received by an agency which regularly receives information concerning crime victims, s.119.07(4), F.S., as amended by s. 26, Ch. 90-344, Laws of Florida, specifically provides:
Nothing in this section shall be construed to exempt from subsection (1) a public record which was made a part of a court file and which is not specifically closed by order of court, except as provided in paragraphs (e), (f), (g), (m), (n), and (q) of subsection (3) and except information or records which may reveal the identity of a person who is a victim of a sexual offense as provided in paragraph (h) of subsection (3). (e.s.)
Subsection (4) does not exempt the documents described in paragraph (3)(z) from the public inspection and examination mandated by s. 119.07(1), F.S., when such documents are contained in a record which has been made part of a court file which is not specifically closed by order of the court. The language and intent of subsection (4) is clear and where a statute contains plain and simple language, it is the duty of the courts to apply the literal meaning of the statute.[4]
Thus, this office recently stated in AGO 90-48 that the Public Records Law recognizes, with certain exceptions, that public records which are exempt from the disclosure requirements of Ch.119, F.S., lose their exempt status once they are made part of a court file and not specifically closed by order of a court.[5]
Based upon the above and in light of s. 119.07(4), F.S., as amended, I am of the opinion that s. 119.07(3)(z), F.S. (1990 Supp.), does not apply to documents revealing the identity of a victim of crime which are contained in a court file not speci-fically closed by order of a court.[6] Such documents which are contained in a court file not closed by court order are not, with certain exceptions,[7] exempt from the disclosure pursuant to s. 119.07(1), F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Attorney General Opinion 90-80.
[2] See, AGO 84-81. Cf., Wait v. Florida Power Light Company,372 So.2d 420 (Fla. 1979) (a rule of the Supreme Court pres-cribing procedural standards takes precedence over a contrary provision of Ch. 119); The Florida Bar, In re Advisory Opinion Concerning the Applicability of Chapter 119, Florida Statutes,398 So.2d 446 (Fla. 1981) (investigative files of the state bar as the official arm of the Supreme Court are subject to the control and direction of the Court and not to other branches of government and thus Ch. 119 does not apply to such records); and Petition of Kilgore, 65 So.2d 30 (Fla. 1953) (advisory opinions issued by the Court to the Governor do not become public records within the meaning of s. 119.01 until filed in the Governor's office; during the period such opinion is within the "breast of the Court," it is treated as any other case or matter under consideration and is not subject to public inspection or inquiry).
[3] See, Petition of Kilgore, supra; Palm Beach Newspapers, Inc. v. Burk, 471 So.2d 571 (4 D.C.A. Fla., 1985); Tallahassee Democrat, Inc. v. Willis, 370 So.2d 867 (1 D.C.A. Fla., 1979) (deposition was "published" when the transcript thereof was filed with the clerk and it was thereupon open for public inspection unless the court entered a protective order under the rules of civil procedure). Cf., Florida Freedom Newspapers v. McCrary,520 So.2d 32 (Fla. 1988).
[4] See, Thayer v. State, 335 So.2d 815 (Fla. 1976); Osborne v. Simpson, 114 So. 543 (Fla. 1927) (where statute's language is plain, definite in meaning without ambiguity, it fixes the legislative intent and interpretation and construction are not needed). And see, State v. Putnam County Development Authority,249 So.2d 6 (Fla. 1971) (provisions of act are to be read as consistent with one another rather than in conflict, if there is any reasonable basis for consistency).
[5] And see, AGO 84-81 which considered whether documents contained in court files under the custody of the clerk which included criminal investigative or intelligence information revealing the identity of the victim of the crime of sexual battery or of child abuse were exempt from disclosure. Section119.07(3)(h), F.S. (1984 Supp.), exempted criminal intelligence information or criminal investigative information which revealed the identity of the victim of the crime of sexual battery as defined in Ch. 794, F.S., or the identity of the victim of the crime of child abuse as defined in Ch. 827, F.S., from the provisions of s. 119.07(1), F.S. Section 119.07(4), F.S. (1984 Supp.), however, did not except such information from court files which had not been specifically closed by court order. This office thus concluded that such information contained in the court files and not specifically closed by court order was not excepted or exempted from the public disclosure and inspection requirements of s. 119.07(1). Subsections (3)(h) and (4) of s. 119.07 were subsequently amended to specifically provide for the confidentiality of such information contained in court files. See, Ch. 86-109, Laws of Florida.
[6] And see, Administrative Order No. 90-66, In and For the Courts of the First Judicial Circuit of the State of Florida, by Chief Judge John T. Parnham, dated October 5, 1990, which orders all clerks of the circuit and county courts in the First Judicial Circuit to comply with s. 119.07, F.S., and that all public records remain open to public inspection unless otherwise closed by order of court.
[7] See, s. 119.07(4), F.S., as amended, providing that nothing therein shall open information made confidential or exempt from s.119.07(1), F.S., pursuant to s. 119.07(3)(e), (f), (g), (m), (n) and (q), F.S., or records revealing the identity of a person who is a victim of a sexual offense as provided in s. 119.07(3)(h), F.S., to disclosure even when such information is a part of a court file not specifically closed by court order.