372 So.2d 195 (1979)
Kenneth KRIBS, Appellant,
v.
CITY OF BOYNTON BEACH, a Municipal Corporation, and Frank Kohl, Individually and As City Manager of the City of Boynton Beach, Florida, a Municipal Corporation, Appellees.
No. 77-2425.
District Court of Appeal of Florida, Fourth District.
June 20, 1979.
Bennett S. Cohn, Lake Worth, for appellant.
Gene Moore, Boyton Beach, for appellees.
PACK, R. WALLACE, Associate Judge.
This is an appeal timely filed from an Order dismissing the appellant's second amended complaint with prejudice. The allegations contained in the complaint were that the appellees (City of Boynton Beach and City Manager) libeled and slandered the appellant by releasing to the press the contents of a letter dismissing the appellant from his position as finance director of the City of Boynton Beach. By a letter dated March 4, 1977, the appellant, Kenneth Kribs, received notice that his employment as finance director of the City of Boynton Beach was being terminated. The reasons stated in the letter for the termination were that Mr. Kribs had been guilty of gross misfeasance and dereliction of duty. Copies of this letter were then forwarded to the mayor, city council, personnel director, chairman of the Civil Service Appeals Board and the city attorney. A copy of the letter was also placed in the appellant's personnel file.
Shortly thereafter, Frank Kohl, the city manager and author of the letter, released the contents of the letter to the press.
Kribs then sued the City of Boynton Beach and Frank Kohl for libel and slander contending that the letter, as part of his personnel file, was confidential information and not subject to public inspection.
We find no merit in the appellant's position.
In McNayr v. Kelly, 184 So.2d 428 (Fla. 1966) our Supreme Court gave absolute immunity to executive officials with respect to defamatory publications made in the performance of their official duties. In McNayr the county manager of Dade County was recognized as possessing absolute privilege with reference to public statements made in discharging the county public safety director.
The appellant has also argued that public policy requires personnel reports of this nature to be withheld from public scrutiny. Our Supreme Court had addressed itself to this point in the case of News-Press Publishing Co. v. Wisher, 345 So.2d 646. At page 648 the Court stated:
No policy of the state protects a public employee from the embarrassment which results from his or her public employer's discussion or action on the employee's failure to perform his or her duties properly.
*196 In the case in Densmore v. City of Boca Raton, 368 So.2d 945 (Fla. 4th DCA 1979), a case factually similar to this, this court stated in its concluding paragraph:
[T]he city manager enjoyed an absolute privilege in disclosing the reasons for his discharge of Densmore; and the filing of a copy of a letter containing those reasons in the employee's personnel file did not remove the privilege.
AFFIRMED.
MOORE and BERANEK, JJ., concur.