385 So.2d 2 (1980)
Jos. D. FARISH, Jr., Appellant,
v.
Nancy D.W. WAKEMAN, Appellee.
No. 79-521.
District Court of Appeal of Florida, Fourth District.
June 4, 1980.
Rehearing Denied July 16, 1980.
F. Kendall Slinkman and Robert V. Romani of Farish, Farish & Romani, and Robert M. Montgomery, Jr. of Montgomery, Lytal, Reiter, Denney & Searey, P.A., West Palm Beach, for appellant.
John S. Call, Jr., and Wade R. Byrd of Stewart, VanderHulse, Call & Byrd, Palm Beach, for appellee.
PER CURIAM.
This is an appeal from a final summary judgment entered in favor of defendant in a defamation action. Plaintiff sued defendant charging that she made certain statements under oath before the Florida House of Representatives Select Committee on Impeachment of certain Supreme Court Justices. The specific statements made are recited in paragraph 3 of the complaint and are alleged to be false and defamatory. The complaint also alleges that the statement in question was made before news media, television cameras, electronic recording devices and that the same was stenographically reported. It is also alleged that the newspapers, television and radio thereafter published the statements to the people of the State of Florida and the Nation.
Depositions were taken which indicate that the hearing in question was an official proceeding before the Committee of the House of Representatives and that the defendant was under compulsory subpoena at the time of her testimony. The hearing was public in nature. The trial court found for defendant on motion for summary judgment on the theory that the defendant's statements were absolutely privileged. In so ruling, the trial court stated:
The law not only in the State of Florida, but by the overwhelming weight of authority in these United States is that defamatory words published by witnesses who appear before judicial and legislative tribunals involuntarily and pursuant to legal subpoena, which utterances are relevant or material to the cause or subject of inquiry are absolutely privileged. See McNayr v. Kelly, 184 So.2d 428 (Fla. 1966), and Fiore v. Rogero, 144 So.2d 99 (Fla.2nd DCA 1962); Kelly v. Daro, 47 Cal. App.2d 418, 118 P.2d 37 (1941).
We conclude that the findings of the trial judge were correct and that the specific comments alleged in the complaint are the subject of an absolute privilege. As such, summary judgment was properly entered for defendant and same is hereby affirmed.
AFFIRMED.
BERANEK and GLICKSTEIN, JJ., and STEWART, JAMES R., Jr., Associate Judge, concur.