402 So.2d 1312 (1981)
Ronald RIDGE, Appellant,
v.
Norman RADEMACHER and Hazel Rademacher, Appellees.
No. 81-108.
District Court of Appeal of Florida, Third District.
August 18, 1981.
Rehearing Denied September 21, 1981.
Ress, Gomez, Rosenberg & Howland and Miguel A. Orta, North Miami, for appellant.
Michael Lechtman, North Miami Beach, for appellees.
Before BARKDULL, SCHWARTZ and FERGUSON, JJ.
PER CURIAM.
We hold that an unsworn statement[1] to a municipal police officer in regard to an alleged crime is not accorded an absolute privilege which will bar, as a matter of law, a subsequent action for slander based on such a statement, particularly when it is alleged to have been maliciously made. Such a statement partakes of a qualified privilege and is a mixed question of law and fact, depending on the actual malice established. Hartley & Parker v. Copeland, 51 So.2d 789 (Fla. 1951); Axelrod v. Califano, 357 So.2d 1048 (Fla.1st DCA 1968); Glynn v. City of Kissimmee, 383 So.2d 774 (Fla.5th DCA 1980).
Therefore, the final order dismissing the last amended complaint is reversed, with *1313 directions to require an answer by the defendants within an appropriate time.[2]
Reversed and remanded, with directions.
NOTES
[1] Pleadings or sworn statements in judicial proceedings may be "absolute". Coogler v. Rhodes, 38 Fla. 240, 21 So. 109 (1897); Fiore v. Rogero, 144 So.2d 99 (Fla.2d DCA 1962); McNayr v. Kelly, 184 So.2d 428 (Fla. 1966); Farish v. Wakeman, 385 So.2d 2 (Fla.4th DCA 1980). Unsworn statements in legislative and executive proceedings may also be "absolute". Robertson v. Industrial Insurance Company, 75 So.2d 198 (Fla. 1954); McNayr v. Kelly, Supra; Stone v. Rosen, 348 So.2d 387 (Fla.3d DCA 1977); Kribs v. City of Boynton Beach, 372 So.2d 195 (Fla.4th DCA 1979); Mueller v. The Florida Bar, 390 So.2d 449 (Fla.4th DCA 1980); Kohn v. Davis, 390 So.2d 1246 (Fla.1st DCA 1980).
[2] This opinion and decision will not foreclose the trial court, upon an appropriate motion, from considering either the entry of a summary judgment in favor of the defendants or a directed verdict at the close of the plaintiff's case, in the event that the record in either of such instance will not permit the plaintiff to go forward.