547 So.2d 958 (1989)
ST. GEORGE ISLAND, LTD., a Florida Limited Partnership, Petitioner,
v.
John A. RUDD, Circuit Judge, Retired, et al., Respondents.
No. 89-727.
District Court of Appeal of Florida, First District.
July 18, 1989.
*959 C. Edwin Rude, Jr. of Ervin, Varn, Jacobs, Odom & Ervin, Tallahassee, for petitioner.
No appearance for respondent Rudd.
Fred M. Johnson of Fuller, Johnson & Farrell, P.A., Tallahassee, for respondents Brown, Leisure Properties, Ltd., and Leisure Development, Inc.
Michael F. Coppins, of Douglass, Cooper, Coppins & Powell, Tallahassee, for respondent First American Bank and Trust.

ON MOTION FOR REHEARING
PER CURIAM.
Respondents' motion for rehearing is granted in part. The opinion dated June 1, 1989, is withdrawn and the following opinion is substituted therefor.
On March 20, 1989, the Honorable John A. Rudd, Circuit Judge, Retired, sitting by special appointment of the Florida Supreme Court, denied defendant's motion for disqualification in the case of First American Bank and Trust versus St. George Island, Ltd., (St. George) et al., in the Circuit Court in and for Franklin County. St. George seeks review of that order through a petition for writ of prohibition. We have jurisdiction, Caleffe v. Vitale, 488 So.2d 627 (Fla. 4th DCA 1986).
The basis for the motion for disqualification was a remark made by Judge Rudd at a hearing in another case pending in the circuit court. Counsel for one of the parties attempted to enter into evidence an affidavit of John R. Stocks. Although the *960 hearing was apparently not recorded, a witness later testified in deposition that Judge Rudd rejected the submission of the affidavit and tossed it back at the attorney, stating that "if Mr. Stocks were here, I wouldn't believe him anyway."[1] The motion for disqualification stated that Stocks is the president of the corporation that is the general partner of St. George Island, Ltd., and that his testimony is critical in presenting the partnership's defense. Stocks' affidavit accompanied the motion and represented that because of the judge's conduct, Stocks held the belief that St. George could not get a fair and impartial trial before Judge Rudd.
Upon review of the petition, we determined that it demonstrated a preliminary basis for relief and issued an order to show cause.[2] Respondents have presented two general arguments in rebuttal to the claims for relief made in the petition. First, they seek to characterize the judge's remarks as either those announcing an adverse judicial ruling or as reflecting the mental impressions and opinions formed during the course of the proceedings. These are not sufficient grounds for disqualification, see Gieseke v. Grossman, 418 So.2d 1055 (Fla. 4th DCA 1982); Mobil v. Trask, 463 So.2d 389 (Fla. 1st DCA), review denied, 476 So.2d 674 (Fla. 1985). We reject these arguments and find the trial judge's remarks more analogous to those described in Deauville Realty Co. v. Tobin, 120 So.2d 198 (Fla. 3d DCA 1960), cert. denied, 127 So.2d 678 (Fla. 1961), where it was held that a statement by the judge that he feels a party has lied in a case generally indicates a bias against the party.[3] As in Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981), we find that the motion and accompanying affidavit support a conclusion that the movant has a well-founded fear he will not receive a fair trial at the hands of the judge. See also LeBruno Aluminum Co. v. Lane, 436 So.2d 1039 (Fla. 1st DCA 1983), review dismissed, 450 So.2d 487 (Fla. 1984); Irwin v. Marko, 417 So.2d 1108 (Fla. 4th DCA 1982).
Respondents Leisure Properties, Ltd., Gene D. Brown, and Leisure Development, Inc., make an additional argument in support of denial of the relief sought in the petition. They show that another circuit judge was previously disqualified in this case[4] and they therefore contend that the second portion of section 38.10, Florida Statutes (1987), should control Judge Rudd's consideration of St. George's motion to disqualify him. The pertinent portion of the statute states:
[W]hen any party to any action has suggested the disqualification of a trial judge and an order has been made admitting the disqualification of such judge and another judge has been assigned and transferred to act in lieu of the judge so held to be disqualified, the judge so assigned and transferred is not disqualified on account of alleged prejudice against the party making the suggestion in the first instance, or in favor of the adverse party, unless such judge admits and holds that it is then a fact that he does not stand fair and impartial as between *961 the parties. If such judge holds, rules, and adjudges that he does stand fair and impartial as between the parties and their respective interests, he shall cause such ruling to be entered on the minutes of the court and shall proceed to preside as judge in the pending cause. The ruling of such judge may be assigned as error and may be reviewed as are other rulings of the trial court.
Respondents argue that absent an admission by Judge Rudd that he does not stand fair and impartial between the parties, the motion for disqualification was properly denied.[5]
In response to this argument, petitioner points to language in the statute providing that where a party "has suggested the disqualification of a trial judge" and another judge has been assigned, the different standard shall apply in reviewing the motion for disqualification. This, petitioner argues, applies only where the previous disqualification was made pursuant to section 38.02, Florida Statutes, which expressly provides for a suggestion of disqualification on grounds that the judge is related to a party or attorney or is a potential witness in the cause. Disqualifications pursuant to sections 38.10, 38.05, and Rule 1.432, Florida Rules of Civil Procedure, by contrast, are not presented by suggestion but by motion or application, according to the express terms of those authorities. There having been no prior "suggestion" of disqualification in the circuit court proceedings, petitioner contends the second portion of section 38.10 is not applicable to its motion to disqualify Judge Rudd.
We find ourselves in agreement with the construction of the statute offered by petitioner. While it could be argued that a more logical construction would be to apply the second portion of section 38.10 when there has been a previous disqualification on any grounds, we find no ambiguity and choose to follow the plain language employed by the legislature. Brooks v. Anastasia Mosquito Control Dist., 148 So.2d 64 (Fla. 1st DCA 1963). Where the legislature uses exact words in different statutory provisions, the court may assume they were intended to mean the same thing. Goldstein v. Acme Concrete Corp., 103 So.2d 202 (Fla. 1958). Moreover, the presence of a term in one portion of a statute and its absence from another argues against reading it as implied by the section from which it is omitted. Florida State Racing Comm'n v. Bourquardez, 42 So.2d 87 (Fla. 1949).
Accordingly, we find that the second portion of section 38.10, Florida Statutes, was not applicable to the lower court proceedings and that the motion for disqualification was improperly denied. We therefore grant the petition and issue the writ of prohibition, disqualifying Judge Rudd from taking any further action on the cause pending in the circuit court. Additionally, we certify to the Florida Supreme Court that the proper interpretation of section 38.10, Florida Statutes, as presented by this cause, apparently one of first impression, is also one of great public importance.
SMITH, WENTWORTH and WIGGINTON, JJ., concur.
NOTES
[1] Another deponent, St. George's counsel at the hearing, recalled the incident somewhat differently. Although he could not remember the exact words, his testimony was to the effect that the judge said that if it came down to a choice between the testimony of Brown and Stocks, considering Stock's affidavit as setting forth his position, he would not believe Stocks and would believe Brown.
[2] Only Judge Rudd was named as respondent in the petition. By our order to show cause we also named the other parties in the litigation below as respondents and directed them to respond to the petition. Judge Rudd was given the opportunity to respond or to refrain from doing so, in his discretion. We deem this the appropriate procedure in prohibition proceedings of this type where the underlying litigation is civil in nature.
[3] In Deauville Realty it was held that such remarks made after trial and out of the presence of the jury were not inappropriate.
[4] St. George and Stocks and another party as defendants moved pursuant to section 38.10 to disqualify Circuit Judge Kenneth Cooksey in another case where Brown and Leisure Properties and Leisure Development were plaintiffs. When Judge Cooksey ultimately determined to grant the motion he also disqualified himself in related cases, including this one, apparently on his own motion, see section 38.05.
[5] Respondents show that Judge Rudd has relied on the second portion of section 38.10 to deny St. George's motion to disqualify him in another case involving these parties.