PER CURIAM.
By petition for writ of prohibition, St. George Island, Ltd. (St. George) seeks review of an order of the Honorable John A. Rudd, Circuit Judge, Retired, which denied a motion for his disqualification. We grant relief.
This is a companion case to one identically styled and recently decided by this court, St. George Island, Ltd. v. Rudd, 547 So.2d 958 (Fla. 1st DCA, 1989) (on rehearing) (St. George I). In fact this case is identical to that with one exception, as will be discussed below. In all other respects we rely on our opinion in St. George I and the legal conclusions announced therein.
As stated in that opinion, St. George moved to disqualify Judge Kenneth Cook-sey in this and other cases. We found that Judge Cooksey had disqualified himself on his own motion in the underlying circuit court action in case number 89-727, see id., 547 So.2d at 960 n. 4. However, in the circuit court action that underlies this case, Judge Cooksey disqualified himself on the motion of St. George. Respondents argue that St. George’s motion was made pursuant to sections 38.02 and 38.10, Florida Statutes, and it therefore follows that the second portion of section 38.10 controls the proceedings in the lower tribunal. Judge Rudd has held that he does stand fair and impartial between the parties and respondents conclude that the motion to disqualify Judge Rudd was properly denied. We do not agree.
St. George’s motion to disqualify Judge Cooksey did cite to both statutory sections and alleged four factual bases, that the son of the judge was an employee of one of the plaintiffs, the judge was observed having dinner with one of the plaintiffs during the pendency of the action, plaintiffs provided something of value to the judge during the pendency of the action, and two of the plaintiffs may have taken the judge on a fishing trip during the pendency of the action. Of these four grounds, only the first is arguably cognizable under section 38.02, while the other three obviously concern possible prejudice of the trial judge, grounds for disqualification under section 38.10. In his order of recusal, Judge Cook-sey found that the allegations of movant “seriously impugn the integrity of the Court. Due to these spurious allegations, the undersigned would not feel comfortable presiding further in this case.” Although the order did not expressly rely on section 38.10, we find these remarks inconsistent with a conclusion that Judge Cooksey re-cused himself because of his son’s alleged employment with one of the parties. Accordingly, we find that Judge Cooksey’s disqualification was pursuant to a 38.10 motion and not a section 38.02 suggestion. Therefore the second portion of section 38.-10 does not control proceedings before Judge Rudd on the motion to disqualify him.
As in St. George I, we find that St. George’s motion and accompanying affida *963 vit support a conclusion that the movant has a well-founded fear he will not receive a fair trial at the hands of the judge. We grant the petition and issue the writ of prohibition, disqualifying Judge Rudd from taking any further action on the cause pending in the circuit court. Further, we again certify that the proper interpretation of the second portion of section 38.10, Florida Statutes, presents a question of great public importance.
SMITH, WENTWORTH and WIGGINTON, JJ., concur.