PER CURIAM.
St. George Island, Ltd., petitions this court for the extraordinary writ of prohibition, seeking review of orders of Circuit Judge John A. Rudd, Retired, which denied motions for disqualification. This court has previously considered two petitions for writ of prohibition arising from the same factual background, see St. George Island, Ltd. v. Rudd, 547 So.2d 958 (Fla. 1st DCA 1989) (St. George I) and St. George Island, Ltd. v. Rudd, 547 So.2d 961 (Fla. 1st DCA 1989) (St. George II). We incorporate by reference our recitation of the facts and conclusions of law set forth in those opinions and will here discuss these cases only insofar as they differ from those.
The three underlying civil cases here are similar to the one treated in St. George I. That is, Circuit Judge Cooksey disqualified himself on his own motion after considering and granting a motion for disqualification in a companion case. Additionally, in the cases that underlie these proceedings, Circuit Judge William Gary was assigned to the cases after Judge Cooksey disqualified himself. In two of the three cases, Brown and Leisure Properties (parties consistently adverse to petitioners) moved to disqualify Judge Gary, stating as grounds that:
The court has indicated within thirty (30) days of this motion the existence of a
personal relationship with a number of the parties or counsels directly or indirectly associated with this matter.... Any further handling of this matter by the currently assigned judge would be a violation of F.S. § 38.02.
Judge Gary granted the motions without explanation.
We do not believe that the disqualification of Judge Gary caused the motions to disqualify Judge Rudd to be subject to review under the standard of the second portion of section 38.10, Florida Statutes. First, the motions directed to Judge Gary were expressly based on personal relationships, not familial ones, and therefore they did not properly constitute “suggestions” under section 38.02. Additionally, the motions directed to Judge Gary did not allege that he was prejudiced in favor of or against any particular party and therefore it is impossible to apply the test set forth in the second portion of section 38.10. Accordingly, we believe that Judge Rudd’s reliance on the second portion of section 38.10 in these cases was incorrect.[1]
As in our prior decisions, we certify to the Florida Supreme Court that the proper interpretation of section 38.10, Florida Statutes, as presented by these petitions, is one of great public importance.
We grant the petitions and issue the writs of prohibition, disqualifying Judge Rudd from taking any further action in the cases pending in the circuit court.
SMITH, WENTWORTH and WIGGINTON, JJ., concur.

. In fact, Judge Rudd held that:
But for the proceedings in case number 84-254 pending in this circuit, the disqualification of the prior judge in this case would not have occurred and consequently both parts of § 38.10, Fla.Stat. (1987) are applicable here.
This appears to be a reference to the disqualification on motion of Judge Cooksey. We believe this interpretation of the statutes is in direct conflict with our conclusion in St. George I and therefore we reject it.