GRIMES, Justice.
We review St. George Island, Ltd. v. Rudd, 553 So.2d 772 (Fla. 1st DCA 1989), in which the district court of appeal certified the question of how to interpret section 38.10, Florida Statutes (1989). Our jurisdiction is predicated upon article V, section 3(b)(4), of the Florida Constitution.
The decision under review involves three eases characterized by the district court of appeal as being similar to the case it decided in St. George Island, Ltd. v. Rudd, 547 So.2d 958 (Fla. 1st DCA 1989). We have recently reviewed that case together with St. George Island, Ltd. v. Rudd, 547 So.2d 961 (Fla. 1st DCA 1989), in our recent decision of Brown v. St. George Island, Ltd., 561 So.2d 253 (Fla.1990).[1] Our decision in Brown disposes of the cases before us. Because none of the recusals in those cases were upon the motion of Stocks, his motion to disqualify Judge Rudd, uppn a sufficient showing under section 38.10, Florida Statutes, should have been granted.
In the decision below, the district court of appeal further noted that in these cases Judge Gary had previously been re-cused upon Brown’s motion. Although we are not in full accord with the court’s rationale, we agree with its conclusion that the prior disqualification of Judge Gary did not cause the motions to disqualify Judge Rudd to be subject to review under the standard of the second portion of section 38.10. We do not read the second portion of section 38.10 as invariably coming into play following a previous disqualification under the statute. The statute provides, in part:
However, when any party to any action has suggested the disqualification of a trial judge and an order has been made admitting the disqualification of such judge and another judge has been assigned and transferred to act in lieu of the judge so held to be disqualified, the judge so assigned and transferred is not disqualified on account of alleged prejudice against the party making the suggestion in the first instance, or in favor of the adverse party, unless such judge admits and holds that it is then a fact that he does not stand fair and impartial between the parties.
(Emphasis supplied.) By making reference to the party seeking disqualification “in the first instance,” the statute indicates that the stricter standard for disqualification set forth in its second portion is only applicable to a second motion for disqualification filed by the same party or one aligned with that party. It would be illogical to assume that the legislature intended for the party that first disqualifies a judge under section 38.-10 to have that motion measured by a less stringent standard than a later motion filed by an opposing party seeking to remove a successor judge. In other words, each side has the right to seek the disqualification of one judge under the standard enumerated in the first portion of section 38.10.
Except as set forth above, our decision in Brown has answered the certified question. We approve the decision below.
It is so ordered.
EHRLICH, C.J., and OVERTON, MCDONALD, SHAW, BARKETT and KOGAN, JJ., concur.

. For purposes of clarification, it should be noted that the case which the district court of appeal calls St. George II has been designated in our opinion as suit I and that which the court calls St. George I has been designated as suit III.