570 So.2d 1121 (1990)
Hubert T. ANDERSON, Appellant,
v.
Deborah SHANDS, Appellee.
No. 90-216.
District Court of Appeal of Florida, First District.
December 10, 1990.
*1122 Stewart P. Strickland, Green Cove Springs, for appellant.
Scott W. Clemons of Bryant, Higby & Williams, Panama City, for appellee.
PER CURIAM.
Appellant was convicted of an unspecified offense and has been imprisoned at Lawtey Correctional Institution. Following his conviction, appellant by his next friend brought a civil suit against a woman who was apparently a prosecution witness at appellant's criminal trial. The suit was dismissed with prejudice. We affirm in part and reverse in part.
In Count I of the complaint, appellant alleged that appellee maliciously interfered, with the intent to commit perjury, in a police investigation by accusing appellant of having fondled her and by claiming to have formerly worked as a "narc" for appellant when he was the police chief in Callaway, Florida. In Count II, appellant alleged appellee maliciously interfered, with the intent to commit perjury, in pretrial proceedings by stating in deposition that appellant had fondled her. In Count III, appellant alleged appellee maliciously interfered, with the intent to commit perjury, in appellant's criminal trial by testifying that appellant had fondled her. As a result of appellee's conduct, appellant alleged in all three counts that he has suffered irreparable damage to his character [reputation] and has suffered a loss of earnings and liberty. Appellee filed a motion to dismiss, which was granted with prejudice.
The complaint is vague as to what statements were made by appellee and as to appellant's cause of action. We construe appellant's claim to be one of defamation, and because the statements are in regard to appellee's relationship with appellant and describe apparent criminal conduct, we assume the statements were relevant to the proceedings in which they were made. We affirm the dismissal of Counts II and III because the causes of action are based upon testimony given during a judicial procedure. Relevant testimony given in the due course of a judicial procedure is absolutely privileged and cannot form the basis of liability for defamation. Campbell v. LoPucki, 345 So.2d 860 (Fla. 1st DCA 1977), Sussman v. Damian, 355 So.2d 809 (Fla. 3d DCA 1977), and Ponzoli & Wassenberg, P.A. v. Zuckerman, 545 So.2d 309 (Fla. 3d DCA), review denied, 554 So.2d 1170 (Fla. 1989). For the purpose of applying an absolute privilege against civil liability, the taking of a deposition is considered part of a judicial procedure. Sussman, 355 So.2d at 811.[1] Other jurisdictions likewise provide for an absolute privilege against defamation for testimony given during a deposition which is material to the subject matter of the litigation. See, 50 Am.Jur.2d, Libel and Slander § 249.
As for the statements made during the police investigation which formed the basis of Count I, they are subject to a qualified rather than an absolute privilege. Liability, therefore, depends upon whether actual malice is established. See, Ridge v. Rademacher, 402 So.2d 1312 (Fla. 3d DCA 1981). Since the allegations of Count I, though inartfully phrased, by fair inference charge the defendant with falsely and maliciously accusing plaintiff of committing a criminal act, a "crime against her person"  that plaintiff "fondled" defendant  it *1123 was error to dismiss the complaint. To the extent that appellant seeks to maintain a cause of action for malicious interference in a criminal investigation, however, we observe that no authority is cited for such a cause of action, nor do we have independent knowledge of such authority.
Appellant's argument that the absolute privilege does not apply in the instance where the defendant has made a misstatement of fact is without merit. Appellant's argument and case citation refer to application of the fair comment privilege which is not implicated in the instant case.
Accordingly, the cause is remanded for further proceedings on Count I.
AFFIRMED in part, and REVERSED in part.
SHIVERS, C.J., and SMITH and NIMMONS, JJ., concur.
NOTES
[1] In Tallahassee Democrat v. Willis, 370 So.2d 867, 872 n. 4 (Fla. 1st DCA 1979), this court observed, discussing the nature of depositions in a case dealing with media access to court proceedings, that a deposition is not a "judicial proceeding," for the reasons that there is "no judge present, and no rulings nor adjudications of any sort are made by any judicial authority." While the taking of a deposition is not a judicial proceeding for the purposes discussed in Willis, it nevertheless is a part of a judicial proceeding in the sense that it is a procedure performed in the course of or in furtherance of a judicial proceeding.