ON MOTION FOR CLARIFICATION
PER CURIAM.
We grant appellees’ motion for clarification and substitute this opinion for the one issued March 17, 1992.
In this appeal, Omar G. Rodriguez Diaz, plaintiff below, seeks reversal of the trial judge’s order which first denied Diaz’s motion for recusal and second, granted appel-lees’ motion to dismiss Diaz’s six-count, third amended complaint. We affirm that part of the order denying recusal. As to the remainder of the order, we reverse the dismissal of Count I, a claim for defamation, but affirm the dismissal of all remaining counts.
Considering first the motion to re-cuse, section 38.10, Florida Statutes (1991) clearly states:
Whenever a party ... files an affidavit stating that he fears he will not receive a fair trial ... on account of the prejudice of the judge ... the judge shall proceed no further, but another judge shall he designated....
That section goes on, however, to pronounce a second more stringent procedure for a subsequent motion for disqualification by the same litigant in the same action, as in the instant case, stating:
However, when any party to any action has suggested the disqualification of a trial judge and an order has been made admitting the disqualification of such judge and another judge has been assigned and transferred to act in lieu of the judge so held to be disqualified, the judge so assigned and transferred is not disqualified on account of alleged prejudice against the party making the suggestion in the first instance, or in favor of the adverse party, unless such judge admits and holds that it is then a fact that he does not stand fair and impartial between the parties. If such judge holds, rules, and adjudges that he does stand fair and impartial as between the parties and their respective interests, he shall cause such ruling to be entered on the minutes of the court and shall proceed to preside as judge in the pending cause. The ruling of such judge may be assigned as error and may be reviewed as are other rulings of the trial court.
This was appellant’s second motion for recusal. Another circuit judge had recused himself from the case some months earlier in response to a previous motion made by appellant, based upon a claim of prejudice similar to the one presently under review. We conclude that considering the instant facts alleged, appellant’s chief complaint being the bald allegation that the trial judge was biased in favor of licensed attorneys, the trial judge acted in total accord with section 38.10 in denying the motion to recuse. See Brown v. St. George Island, Ltd., 562 So.2d 684 (Fla.1990).
We do, however, reverse in part the dismissal of the action. Count I of appellant’s third amended complaint, if less than artfully drafted, nonetheless contained sufficient allegations of false factual statements, made about appellant with malice, and resulting in injury, to state a cause of action for defamation. See Victor v. News & Sun Sentinel Co., 467 So.2d 499 (Fla. 4th DCA 1985). The brunt of appellant’s claim was that appellees had made false statements to the police for the specific purpose of injuring appellant’s reputation and delaying his admission to the Florida Bar. Appellant’s complaint outlined the words used, and alleged the utterances were false and maliciously made to damage *199 appellant. See Hawke v. Broward Nat’l Bank, 220 So.2d 678 (Fla. 4th DCA 1969); see also Fowler v. Taco Viva, Inc., 646 F.Supp. 152 (S.D.Fla.1986). Thus, the complaint was in total sufficient to withstand appellees’ motion to dismiss.
Finally, the statements allegedly made by appellees were subject only to a qualified privilege, see Fridovich v. Fridovich, 598 So.2d 65 (Fla.1992), and as such, the action was not barred as a matter of law, but rather, represented a mixed question of law and fact, depending on the actual malice established. See Fridovich, 598 So.2d at 67; Ridge v. Rademacher, 402 So.2d 1312 (Fla. 3d DCA 1981); accord Anderson v. Shands, 570 So.2d 1121 (Fla. 1st DCA 1990).
For this reason, we are required to reverse the trial court order dismissing Count I of appellant’s third amended complaint, sounding in defamation. We affirm the dismissal of the remaining counts as they are not properly presented as issues for review, Fla.R.App.P. 9.210(b)(1), nor has appellant submitted any argument thereon. Fla.R.App.P. 9.210(b)(4),(5).
Affirmed in part, reversed in part, and remanded.