PER CURIAM.
We reverse in part the final summary judgment entered in favor of the appel-lee in appellant’s claim under 42 U.S.C. section 1983 against the City of Riviera Beach for his wrongful discharge in violation of his due process rights. While the trial court correctly determined that, based upon the record before it, appellant had a protectable property interest in continued employment, Hearn v. City of Gainesville, 688 F.2d 1328 (11th Cir.1982), the trial court erred in determining that it lacked jurisdiction over the action because appellant had failed to exhaust his administrative remedies prior to filing suit. Exhaustion of administrative remedies is not a prerequisite to a section 1983 action. Patsy v. Florida Bd. of Regents, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). Further, appellant’s claim that he was denied due process in that he was not given notice and an opportunity to be heard before he was deprived of his property interest in his job sufficiently alleges a claim under § 1983.
The trial court’s reliance on Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), is misplaced. In Parrott the Supreme Court held that in a case where predeprivation due process was impossible because of the nature of the claim, a § 1983 action was not stated and the plaintiff must rely on a post-deprivation tort suit to vindicate his property loss. Here, however, pre-deprivation process was not only available but required. The trial court’s conclusion that the appellant’s state remedy of appeal was available and must be pursued, relying on Parratt, is simply another way of stating that administrative remedies must be exhausted, which Patsy has already rejected. Therefore, Tookes has properly alleged a claim for relief.
We affirm, however, the summary judgment on the defamation count, in that from the face of the complaint it appears that the action is without foundation. See Kribs v. City of Boynton Beach, 372 So.2d 195 (Fla. 4th DCA 1979); News-Press Pub. Co. v. Wisher, 345 So.2d 646 (Fla.1977). Appellant argues that the City failed to raise the affirmative defense of privilege, but this defense appears both in the answer to appellant’s initial complaint and in the City’s motion for summary judgment which was filed after appellant’s amended complaint. See Coral Ridge Properties, Inc. v. Playa Del Mar Ass’n, 505 So.2d 414, 417 (Fla.1987) (a motion for summary judgment based on an affirmative defense need not be preceded by an answer in which the affirmative defense is pleaded).
GUNTHER, WARNER and POLEN, JJ., concur.