682 So.2d 663 (1996)
Gary NIKOLITS, Appellant,
v.
Greg NICOSIA, Jackie Winchester, as Supervisor of Elections of Palm Beach County, Florida, Appellees.
No. 96-3208.
District Court of Appeal of Florida, Fourth District.
November 6, 1996.
*664 Kenneth D. Stern of Kenneth D. Stern, P.A., Boca Raton, for appellant.
Bruce F. Silver of Bruce F. Silver, P.A., and Curtis G. Levine of Levine & Associates, Chartered, Boca Raton, for appellees.
WARNER, Judge.
When the Supervisor of Elections prepared to print the ballots for the general election, she decided to include the designation of "incumbent" next to the name of the incumbent property appraiser, appellant Gary Nikolits. According to the testimony, the inclusion of this designation was to distinguish Mr. Nikolits from his Democratic challenger, Greg Nicosia, whose name the Supervisor felt was sufficiently similar so as to cause voter confusion. Appellee-Nicosia filed a complaint for permanent injunction, claiming that the Supervisor had no authority to add that language to the ballot. The trial court entered a temporary injunction enjoining the Supervisor of Elections from placing the designation of "incumbent" next to appellant's name on the ballot. The appellant challenges the injunction in this appeal. We affirm the trial court's order.
The conduct of elections, including the specifications of ballots, is controlled by statute. The specifications for primary election ballots are found in section 101.141(4), Florida Statutes (1995), which provides in pertinent part: "When two or more candidates running for the same office have the same or similar surname and one candidate is currently holding that office, the word "Incumbent" shall be printed next to the incumbent's name." However, the specifications for the general election ballot, which parallel the primary ballot specifications in most respects, contain no authorization for the designation of "incumbent" on the ballot under any circumstance. § 101.151, Fla. Stat. (1995). Instead, the abbreviation of party affiliation of the candidate is placed next to the candidate's name.
After appellee-Nicosia questioned whether there would be any designation of appellant as the "incumbent" on the ballot, the Supervisor of Elections asked for an opinion of the Division of Elections regarding her authority to include the designation on the general election ballot. The Division issued a written opinion advising the Supervisor that she had the discretion to designate the incumbent on the ballot in a general election, where voter confusion could be caused by the similarity of the candidates' names. In the opinion of the Assistant General Counsel, the language regarding ballot specifications was directory only. Given the statutory requirement compelling uniformity and consistency with respect to the operation and interpretation of the election law, the Assistant General Counsel concluded, "we see no reason why someone can have the word incumbent printed next to their name in one election and when the same two candidates are on the ballot in a subsequent election, that person cannot use the term incumbent in that election."
*665 Appellee-Nicosia filed suit to enjoin the Supervisor from including the designation of "incumbent" on the ballot. Following an evidentiary hearing, the trial court orally ruled to grant the injunction. The oral rulings were incorporated by reference in the temporary injunction. As we concur in the trial court's reasoning, we set forth the oral ruling:
Historically, the legislature has indicated its obvious recognition that Statutes 101.141 and 101.151 are a part of the same statutory scheme; and they have been amended and revised repeatedly over the years together.
For example, in 1969, Chapter 69-281 of The Laws of Florida, both of those sections of the statute dealing with the electoral process were amended by the legislature at one time and in one act.
The next year, 1970, [in] Chapter 70-268 of The Laws of Florida, the legislature chose, in its wisdom, to amend only Chapter 101, Section 101.141 of The Florida Statutes, and included in that amendment the express provision that allowed the word, "incumbent," to be printed next to an incumbent's name in a primary election.
The legislature chose not to make that same amendment with respect to Section 101.151, dealing with general elections.
If you examine the further revisions to these statutes in 1973: Chapter 73-333, The Laws of Florida; Chapter 77-101 of The Laws of Florida; Chapter 77-175 of The Laws of Florida; Chapter 79-400 of The Laws of Florida; and Chapter 89-338 of The Laws of Florida; the legislature again amended both 101.141 and 101.151 in the same statutes at the same time.
This indicates to me that the legislature intended to only modify the primary election statute, the ballot statute in 1970, by virtue of Chapter 70-268.
And by virtue of thatby virtue of the failure to amend the general ballot statute, [the legislature] demonstrated its intent that that same discretion or authority not be given to the Supervisor of Elections in general elections.
I rely on [the case] of St. George Island Ltd. versus Rudd, 547 So.2d 958 [(Fla. 1st DCA 1989)], where the First District Court of Appeal in 1989 stated:
[T]he presence of a term in one portion of a statute and its absence from another argues against reading it as implied by the section from which it is omitted.
The Fourth District Court of Appeal in Frank J. Rooney, Inc. versus Leisure Resorts, Inc., 624 So.2d 773, 777 [(Fla. 4th DCA 1993)], basically reiterated that same rulestatutory construction:
When the legislature has carefully employed a term in one section of a statute, but omits it in another section of the same act, it should not be implied where it is excluded.
This is one statutory scheme, and it appears to me that the legislature understands how to amend the statutes, both of them, when it chooses to do so. And the failure to amend Section 101.151 was an indication that the same right or remedy or discretion, relative to the Supervisor of Elections and the use of the word "incumbent," was not intended to be used during the general election. It is not for me to second-guess the legislature in this regard.
I don't believe that the advisory opinion in letter form from the Assistant General Counsel rises to the level of an opinion of the state agency to which deference of this Court should be given, in the same sense as a formal opinion of a legislative executive branch interpreting [the application of] the statute.
Also I note whatever discretion is authorized under Subsection 8 of 101.151,[1] those criteria were not met here. The department did not determine that the word "incumbent," should be included in this ballot. They have not prescribed anything. They have only given an opinion thatand again, an opinion of one attorney in the officethat it was within the supervisor's discretion to do so. But they have not *666 made any prescription one way or the other in this instance.
In addition to the court's well-reasoned opinion, we additionally note that the issue of voter confusion on the general ballot is considerably less than on the primary ballot. On the primary ballot, two persons running in the same party with similar names have no way to distinguish themselves on the ballot. Thus, the Legislature deemed it appropriate to allow the Supervisor to designate the incumbent where similar names could confuse voters. In the general election, the candidate is identified by party affiliation. Therefore, even if the two candidates have the same name, voters have a method of distinguishing between the two. Thus, there is a rational basis for the distinction between the designation of incumbency on the primary ballot and the lack of designation on the general ballot.
Finally, we too agree that the trial court did not have to defer to the opinion of the Assistant General Counsel on the issue of the construction of these statutes. Where the interpretation of a statute is clearly erroneous, the court does not have to defer to the agency's interpretation of a statute. Baeza v. Pan American/National Airlines, Inc., 392 So.2d 920, 923 (Fla. 3d DCA 1980). We disagree with the Assistant General Counsel that the ballot statutes are directory only. Moreover, even if they are directory only, it is the department, and not every Supervisor of Elections in each of the 67 counties of the state, which may prescribe additional matter or forms of ballots. See § 101.151(8). The opinion of the Assistant General Counsel that discretion is left to the individual supervisor of elections regarding language which may appear on a ballot is contrary to section 101.151(8) and to achieving uniformity in interpretation and operation of the election laws. See § 97.012(1), Fla. Stat. (1995).
For the foregoing reasons, we affirm the temporary injunction entered by the trial court.
GLICKSTEIN and POLEN, JJ., concur.
NOTES
[1] Section 101.151(8) provides: Should the above directions for complete preparation of the ballot be insufficient, the Department of State shall determine and prescribe any additional matter or form. Not less than 60 days prior to a general election, the Department of State shall mail to each supervisor of elections the format of the ballot to be used for the general election.