DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALEX NUNES,**
Appellant,

v.

**VALERIE HERSCHMAN,** individually and in her capacity as guardian for
Shirley Fiterman, the Ward, and **BRIAN O'CONNELL**, in his capacity as
guardian for Shirley Fiterman, the Ward,
Appellees.

No. 4D19-2798

[January 6, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; Jaimie R. Goodman, Judge; L.T. Case No. 50-2017-CA-
008818-XXXX-MB.

Josh M. Bloom, Marshall A. Adams, and Amber L. Ruocco of Lubell &
Rosen, LLC, Fort Lauderdale, for appellant.

Jack J. Aiello and Holly L. Griffin of Gunster, Yoakley & Stewart, P.A.,
West Palm Beach, for appellee Valerie Herschman, individually.

Christopher W. Kammerer of Kammerer Mariani PLLC, West Palm
Beach, for appellee Valerie Herschman, in her capacity as guardian for
Shirley Fiterman, the Ward.

LEVINE, C.J.

An employee was subpoenaed to appear for deposition. After giving
unfavorable testimony about his employer at the deposition, the employer
terminated that employee. The employee filed a complaint alleging, in part,
a cause of action under section 92.57, Florida Statutes (2017), which
states that "[a] person who testifies in a judicial proceeding in response to
a subpoena may not be dismissed from employment because of the nature
of the person's testimony . . . ." The trial court dismissed the employee's
cause of action, finding that a deposition is not a judicial proceeding
pursuant to the statute. We agree. The statute covers only those who
testify in a judicial proceeding, and not those in other types of legal
proceedings, like depositions. Thus, we affirm.

According to the allegations in the third amended complaint, Alex Nunes ("the employee") worked as a caregiver for a married couple. When the husband passed away, the employee continued to care for the wife. A guardianship was later established for the wife. Subsequently, a legal battle ensued between the adult children, Valerie Herschman ("the employer") and Brian O'Connell, over the guardianship. As a result of the ongoing lawsuit, the employee appeared for a subpoenaed deposition. During the deposition, the employee gave unfavorable testimony regarding the employer, who was the current guardian. Ten days after his subpoenaed deposition testimony, the employer terminated the employee.

The employee filed an action against the employer as guardian for retaliation in violation of Florida's whistleblower statute (count 1) and against the employer, both in her individual capacity and as guardian, for violation of section 92.57, Florida Statutes (2017) (count 2). The employer moved to dismiss the complaint. As to count 2, the employer argued that dismissal was warranted for failure to state a cause of action because a deposition is not a judicial proceeding under section 92.57. The employee filed a response in opposition, arguing that a deposition is a judicial proceeding in the context of litigation privilege, under the Florida Rules of Judicial Administration, and for purposes of perjury in an official proceeding under section 837.011, Florida Statutes (2017).

The trial court dismissed only count 2, agreeing with the reasoning of *Speights v. Palmer Hall Floors, Inc.*, 1993 WL 632265 (Fla. 4th Cir. Ct. Dec. 17, 1993), which relied on the Florida Supreme Court's decision in *Palm Beach Newspapers, Inc. v. Burk*, 504 So. 2d 378, 384 (Fla. 1987), to determine what constitutes a "judicial proceeding."[1]

We review the trial court's order dismissing a cause of action under the de novo standard of review. *Bell v. Indian River Memorial Hosp.*, 778 So. 2d 1030, 1032 (Fla. 4th DCA 2001). Issues of statutory construction are also reviewed de novo. *Kelly v. Green Tree Servicing, LLC*, 300 So. 3d 244, 245 (Fla. 4th DCA 2020).

When interpreting a statute, one first considers the text of the statute. *Lopez v. Hall*, 233 So. 3d 451, 453 (Fla. 2018). We look to the intent of legislature only when the statute is not clear and unambiguous. *Id.*

---

[1] The trial court denied the motion to dismiss as to count 1. Count 1, which remains pending below, is not at issue in this appeal.

Florida's appellate courts have for decades routinely framed the statutory construction task in general (for all cases) as starting with the "legislative intent as polestar" maxim. We next explain that "legislative intent" is discerned "primarily from the text of the statute." This construct improperly and confusingly elevates a secondary rule of construction to a primary position, but is harmless in most cases because we regularly explain that intent is determined primarily from the text of the statute—and that the inquiry should end with the text when it is clear and unambiguous. However, there is a potential harm.

*Schoeff v. R.J. Reynolds Tobacco Co.*, 232 So. 3d 294, 313-14 (Fla. 2017) (Lawson, J., concurring) (citations omitted). Thus, the text of the statute is our primary concern.

The statute at issue, section 92.57, Florida Statutes (2017), states as follows:

### 92.57. Termination of employment of witness prohibited

A person who testifies in a *judicial proceeding* in response to a subpoena may not be dismissed from employment because of the nature of the person's testimony or because of absences from employment resulting from compliance with the subpoena. In any civil action arising out of a violation of this section, the court may award attorney's fees and punitive damages to the person unlawfully dismissed, in addition to actual damages suffered by such person.

(emphasis added).

The question for our review is whether a deposition is a judicial proceeding. Initially, the statute applies only to a "person who testifies in a judicial proceeding in response to a subpoena . . . ." *Id.* Where a person does not testify pursuant to a subpoena, section 92.57 would not apply. *Wiggins v. S. Mgmt. Corp.*, 629 So. 2d 1022, 1024 (Fla. 4th DCA 1993). Neither party disputes that the employee's testimony was pursuant to a subpoena.

The statute itself does not define judicial proceeding. Where the legislature has not defined words in a statute, the language should be given its plain and ordinary meaning. *Sch. Bd. of Palm Beach Cty. v. Survivors Charter Sch., Inc.*, 3 So. 3d 1233, 1233 (Fla. 2009). The plain

and ordinary meaning of a word or phrase can be ascertained by referring to the dictionary definition. *Id.* Black's Law Dictionary (11th ed. 2019) defines a "judicial proceeding" as "[a]ny court proceeding; any proceeding initiated to procure an order or decree, whether in law or in equity." In contrast, Black's defines a "deposition" as "[a] witness's out-of-court testimony that is reduced to writing (usu. by a court reporter) for later use in court or for discovery purposes" or as "[t]he session at which such testimony is recorded." The word "judicial" itself has been defined as "of, relating to, or by the court <judicial officers> . . . ." Garner's Dictionary of Legal Usage 499 (3d ed. 2011). Additionally, the term "proceeding" is defined as meaning "[i]n reference to business done by a tribunal of any kind . . . ." *Id.* at 714.

When the meaning of a term is not defined in the statute itself, it is also appropriate to look to case law to ascertain its meaning. *State v. Brake*, 796 So. 2d 522, 528 (Fla. 2001). The Florida Supreme Court has stated that depositions are not judicial proceedings "for the simple reason that there is no judge present, and no rulings nor adjudications of any sort are made by any judicial authority." *Burk*, 504 So. 2d at 384 (citation omitted). Our court has stated that "'[j]udicial proceedings' are hearings before a judge that culminate in a ruling by the court." *Barnett v. Antonacci*, 122 So. 3d 400, 406 (Fla. 4th DCA 2013). Discovery depositions have been described as "not true judicial proceedings." *State v. Dolan*, 390 So. 2d 407, 409 (Fla. 5th DCA 1980). Other jurisdictions have defined "judicial proceedings" as "proceedings before a court or a judge." *Lybrand v. State Co.*, 184 S.E. 580, 583 (S.C. 1936); *see also Doe v. Rosenberry*, 255 F.2d 118, 120 (2d Cir. 1958) (stating that "judicial proceeding" "includes any proceeding determinable by a court").

In dismissing count 2, the trial court relied on *Speights*, which is the only case that has interpreted the term judicial proceeding in the context of section 92.57. In *Speights*, an employee sued an employer after he was discharged from his employment because he missed work to testify at a deposition pursuant to a subpoena. 1993 WL 632265, at *1. The *Speights* court dismissed the cause of action under section 92.57, finding that a deposition was not a judicial proceeding. *Id.* After noting that the statute did not define the term judicial proceeding, the *Speights* court recognized that the "term has been defined in other contexts in other cases as including only those proceedings over which a judge presides, and has been specifically held not to include depositions." *Id.* Further, the court in *Speights* noted:

> The legislature is presumed to be aware of these prior judicial definitions and limitations of the term "judicial proceedings."

4

> Had the legislature intended to extend this witness protection to depositions, it should have done so by statutorily defining "judicial proceeding" to include depositions for the purpose of this statute or by specifically extending the protection to depositions as well as to "judicial proceedings."

*Id.*

We find *Speights* to be persuasive. In the present case, like *Speights*, the employee was subpoenaed for deposition only. No judge or judicial officer was present. Thus, under the plain language of the statute, the deposition was not a judicial proceeding.

Although the statute is clear and unambiguous, the canons of construction offer further support and confirm our understanding that depositions are not included within the meaning of judicial proceedings. For example, under the ordinary meaning canon of construction, "[w]ords are to be understood in their ordinary, everyday meanings—unless the context indicates that they bear a technical sense." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 69 (2012). *See also Nehme v. Smithkline Beecham Clinical Labs., Inc.*, 863 So. 2d 201, 204-05 (Fla. 2003) ("One of the most fundamental tenets of statutory construction requires that we give statutory language its plain and ordinary meaning, unless words are defined in the statute or by the clear intent of the legislature.") (citations omitted); *Rinker Materials Corp. v. City of N. Miami*, 286 So. 2d 552, 553 (Fla. 1973) ("In statutory construction, statutes must be given their plain and obvious meaning and it must be assumed that the legislative body knew the plain and ordinary meanings of the words."). Depositions are generally understood to mean a legal proceeding outside the courtroom, without the presence of a judge. Judicial proceedings, however, are commonly understood to be proceedings in the presence of a judge or a judicial officer.

Further, since section 92.57 does not define judicial proceedings, under the imputed common law canon of construction, when a statute "uses a common-law term, without defining it," the statute then "adopts its common-law meaning." Scalia & Garner, *Reading Law* at 320. *See also Carlile v. Game & Fresh Water Fish Comm'n*, 354 So. 2d 362, 364 (Fla. 1977) ("Statutes in derogation of the common law . . . will not be interpreted to displace the common law further than is clearly necessary. Rather, the courts will infer that such a statute was not intended to make any alteration other than was specified and plainly pronounced. A statute, therefore, designed to change the common law rule must speak in clear, unequivocal terms, for the presumption is that no change in the common

law is intended unless the statute is explicit in this regard.") (citation omitted).  The common law definition of judicial proceedings contemplates the presence of a judge, with rulings or adjudications made by a judicial authority.  *Burk*, 504 So. 2d at 384.

We can also look to the omitted case canon of construction.  Under this canon, "[n]othing is to be added to what the text states or reasonably implies (*casus omissus pro omisso habendus est*).  That is, a matter not covered is to be treated as not covered."  Scalia & Garner, *Reading Law* at 93.  *See also State v. Wooten*, 260 So. 3d 1060, 1070 (Fla. 4th DCA 2018) (stating that courts are guided by the principle set forth in the omitted case canon).  Thus, if the legislature wanted to add depositions to the text of the statute, it would have.

Finally, we can look to the stabilizing canons of construction that encompass a presumption against change in the common law.  Scalia & Garner, *Reading Law* at 318.  "A statute will be construed to alter the common law only when that disposition is clear."  *Id.*; *see also Carlile*, 354 So. 2d at 364.  "Since this statute is in derogation of the common law right of an employer to terminate an employee at will, it must be strictly construed where there is any ambiguity, although the Court finds no ambiguity here in light of the legislature's specific use of this judicially defined term."  *Speights*, 1993 WL 632265, at *1.  Once again, if the legislature wanted to broaden the parameters of the statute by changing the common law status of employees at will, it would have done so.

The employee makes several arguments that do not persuade.  The employee argues that depositions are judicial proceedings for purposes of litigation privilege and therefore must also be judicial proceedings under section 92.57.  *Anderson v. Shands*, 570 So. 2d 1121 (Fla. 1st DCA 1990).  *Anderson* is inapplicable because it merely stated that a deposition was a part of judicial "procedure."  *Id.* at 1122.[2]  Additionally, litigation privilege cases such as *Anderson* are based on policy as advanced by case law, not the interpretation of statutes passed by the legislature.

The employee next claims that Florida Rule of Judicial Administration 2.535(h)(4) defines a deposition as a judicial proceeding.  This rule was promulgated by the supreme court, not the legislature, and involves the issue of court reporting services.  Thus, it has no bearing on our

---

[2] In a footnote, the court reaffirmed that "the taking of a deposition is not a judicial proceeding," but that "it nevertheless is a part of a judicial proceeding in the sense that it is a procedure performed in the course of or in furtherance of a judicial proceeding."  *Id.* at 1122 n.1.

6

interpretation of this statute. Additionally, the rule clarifies that judicial proceedings include depositions. If the rule were so clear that judicial proceedings include depositions, then it would be unnecessary to have this clarifying language.

The employee also argues that depositions are judicial proceedings pursuant to the perjury statute, section 837.011, Florida Statutes. That statute defines the term "official proceeding" to include a judicial proceeding or a deposition. It does not define a judicial proceeding to include a deposition. Nor, of course, is a judicial proceeding the same thing as an official proceeding.

The employee further argues that section 92.57 is a remedial statute that should be liberally construed. Nothing in the language of the statute suggests that it is remedial. Even if it were remedial, that does not give the court the power to alter the plain meaning of the statute. *See Fla. Dep't of Revenue v. Fla. Mun. Power Agency*, 789 So. 2d 320, 324 (Fla. 2001). A liberal construction would not overcome the fact that a deposition is not encompassed within the term judicial proceeding.

In conclusion, common sense and the plain language of the statute dictate that a deposition is not in any sense a judicial proceeding for purposes of section 92.57. If the legislature had wanted to include depositions within the ambit of the statute, it surely could have included them. The employee makes policy arguments that including depositions within the statute would further the reach of the statute. Although that would be invariably true, this court is without the legal authority to alter the language of the statute. Thus, we affirm.

*Affirmed.*

MAY and ARTAU, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***

7